THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN MUNDRO *et al.*—(STANLEY MORAN, Plaintiff in Error.)

*Opinion filed June 22, 1927.*

1. CRIMINAL LAW—*meaning of the constitutional provision that punishment shall be proportionate to nature of offense.* The constitutional provision that "all penalties shall be proportionate to the nature of the offense" is directed to the law-making power which defines the offense, and a punishment authorized by law can not be said to be disproportionate to the nature of the offense unless the law is subject to that objection, and to hold the law invalid there must be a clear violation of the constitutional provision.

2. SAME—*when a life sentence for rape is not unreasonable or disproportionate.* A life sentence for the crime of rape is authorized by statute, and a court cannot hold the punishment unreasonable, excessive or disproportionate to the offense, which was committed by force as charged in the indictment, although the evidence shows that the defendant merely assisted, aided and abetted the crime, the actual rape being committed by another.

3. SAME—*when court may refuse defendant's instructions as to weight of his testimony.* The court may refuse instructions requested by the defendant in regard to the consideration and weight to be given his testimony where other proper instructions are given on the same subject.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

GEORGE W. FIELD, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ASHBEL V. SMITH, State's Attorney, and JAMES B. SEARCY, (SIDNEY H. BLOCK, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, Stanley Moran, and John Mundro, were jointly indicted in the circuit court of Lake county for rape. The second count charged Mundro with the crime. The third count charged Mundro committed the crime and that plaintiff in error unlawfully and feloniously stood by, aided, abetted and assisted Mundro in the commission of the crime. They were tried jointly, without objection. Both were convicted and sentenced to the penitentiary for life. Moran has sued out this writ of error to review the judgment.

Both defendants denied guilt of the commission of the crime and sought to prove an alibi. It is not necessary to set out in detail the State's evidence, which is of a revolting character. In the brief of plaintiff in error it is not contended that the evidence was not sufficient to warrant the verdict. The points argued in the brief are, that the punishment of plaintiff in error is unreasonable, excessive and disproportionate to the nature of the offense, and that the court erred in refusing to give certain instructions offered by defendants.

The evidence shows the actual rape was committed by Mundro but that plaintiff in error assisted, aided and abetted the crime. This court held in *People* v. *Elliott,* 272 Ill. 592, that the provision of the Federal constitution against cruel and unusual punishment does not apply to legislation by the States; that the provision of the Illinois constitution that "all penalties shall be proportionate to the nature of the offense" is directed to the law-making power, which can determine what acts shall be regarded as criminal and how they shall be punished; that a punishment authorized by law cannot be said to be disproportionate to the nature of the offense unless the law is subject to that objection. To hold the law invalid on that ground there must be a clear violation of the constitutional provision. The Illinois legislature has enacted that "every person convicted of the crime of rape shall be imprisoned in the penitentiary for a term not less than one year and may extend to life." The indictment charged the crime was committed by force, and the evidence sustained the charge. The punishment inflicted was authorized by the statute, and a court cannot hold the punishment inflicted was unreasonable, excessive or disproportionate to the offense. *People* v. *Callicott,* 322 Ill. 390; *People* v. *Illinois State Reformatory,* 148 id. 413.

There is no merit in the contention that the court erred in refusing two instructions requested by plaintiff in error. They relate to the consideration and weight to be given to the testimony of defendant on the trial. The jury were properly instructed on that question, and it was unnecessary to give additional instructions on the same subject matter. Instructions must be considered as a series, and so considered the court did not err in refusing instructions in this case.

The judgment is affirmed.

*Judgment affirmed.*