(No. 34657.—▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM E. SMITH *et al.*—(J. T. SMITH, Plaintiff in Error.)

*Opinion filed May 21, 1958—Rehearing denied June 18, 1958.*

PAUL W. SCHNAKE, of Aurora, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and MAURICE A. RICKELMAN, State's Attorney, of Effingham, (FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:

The plaintiff in error, J. T. Smith, and his brother, William E. Smith, were jointly indicted by the grand jury of Effingham County. They entered pleas of guilty to the seventh count of the indictment charging them with the crime of burglary. Other counts in the indictment were nolle prossed. After hearing in aggravation and mitigation of the offense, the circuit court sentenced both William E. Smith and J. T. Smith to confinement in the penitentiary for a term of not less than twelve nor more than thirty-five years. By writ of error to the circuit court, J. T. Smith contends that his sentence was too severe

The evidence established that on the night of November 20, 1954, the Smith brothers burglarized a tavern in Effingham County and stole various intoxicating liquors, cigarettes and other property of the value of $1300. They were arrested in Nashville, Tennessee, possessed of some of the booty, and, after extradition proceedings, were returned to Illinois and confined in the county jail of Effingham County, from which they escaped, but were recaptured by State police officers.

J. T. Smith, herein referred to as defendant, was 28 years of age at the time of the hearing and had been twice convicted of the crimes of burglary and larceny in Kane County in 1947 and 1948. On the first occasion, he was placed on probation for one year and on the second he was sentenced to the penitentiary for a period of two to six years and was paroled in 1950 after serving 21 months.

Defendant testified that he was uneducated and a welder by trade; that his parents drank and that his father was an alcoholic; that if he had not been drinking, he would not have committed the burglary in question; that he was married and had two children, ages three and eight; that after his parole from the penitentiary in 1950 he lived with his wife and children and supported them by pursuing his trade; and that he managed to stay out of trouble for four years, though he drank once in a while. His wife, Marilyn, who was employed as a telephone operator at the time of the hearing, corroborated the testimony given by the defendant as to his conduct after parole.

The defendant contends that his sentence is excessive, and does not claim that the term fixed is unauthorized by statute or that his constitutional rights have been violated. We have held that the nature, character and extent of the penalties for a particular criminal offense are matters for the legislature, which may prescribe definite terms of imprisonment, or specific amounts as fines or fix the minimum and maximum limits thereof. Where it is contended that the punishment imposed in a particular case is excessive. though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution which requires that all penalties shall be proportioned to the nature of the offense. *People* v. *Dixon,* 400 Ill. 449; *People* v. *Mundro,* 326 Ill. 324; *People* v. *Lloyd,* 304 Ill. 23; *People* v. *Elliott,* 272 Ill. 592.

Section 36 of division I of the Criminal Code of this State defines the offense of burglary and provides that anyone guilty thereof shall "be imprisoned in the penitentiary for any term of years not less than one year or for life." (Ill. Rev. Stat. 1957, chap. 38, par. 84.) Pursuant

to authority conferred by section 2 of the Sentence and Parole Act (Ill. Rev. Stat. 1957, chap. 38, par. 802,) the court, after hearing, imposed a maximum and minimum sentence in this case within the limits prescribed. This sentence fully complied with the statute. (*People* v. *Rogers*, 401 Ill. 53.) "In passing sentence upon a guilty criminal the trial judge is invested with judicial discretion within the limits of punishment fixed by law. If that discretion has not been abused and if the prisoner at the bar has not been materially prejudiced by the procedure which the court adopts in conducting the inquiry required by the Criminal Code this Court will not interfere with the judgment pronounced. *People* v. *Riley,* 376 Ill. 364." *People* v. *Schmidt,* 10 Ill.2d 221, 229.

The punishment inflicted in this case was justified under the circumstances. The evidence established that defendant was thrice convicted of the crime of burglary within a period of eight years. After his first conviction, he was granted probation but repeated the offense the following year and was given the mild sentence of two to six years in the penitentiary, under which he served a total of 21 months. After his arrest on the present charge, he and his brother escaped from jail. He could have been charged with a violation of the Habitual Criminal Act, and had he been convicted under such charge, a minimum sentence of life imprisonment would have been mandatory. In view of his criminal record, a minimum sentence of twelve years is within both the limits of punishment set by law and the judicial discretion of the trial court. Defendant was afforded a fair hearing and full opportunity to show any circumstances in mitigation of the offense. We cannot say that his rights were in any manner prejudiced by the procedure adopted or that the trial court abused its discretion in pronouncing the sentence and judgment.

Accordingly, the judgment of the circuit court is affirmed.

*Judgment affirmed.*