**People of the State of Illinois, Plaintiff-Appellee, v. Lewis Spaulding, Defendant-Appellant.**

**Gen. No. 53,210.**

First District, Second Division.

January 6, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John E. Hughes, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert Zulkey, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

The defendant, age seventeen, was indicted for aggravated battery (Ill Rev Stats (1965), c 38, § 12–4(a)) in that he had committed a battery on Edward McCabe, causing him great bodily harm. The accused pleaded not guilty at his arraignment but later withdrew this plea and pleaded guilty. After informing him of the consequences of this plea and the maximum penalty provided by law, the court accepted his plea of guilty. The defendant was found guilty and placed on probation for five years. Approximately five months later, he was returned to court on a rule to show cause why his probation should not be terminated in that he had, during his period of probation, been found guilty of criminal trespass to vehicle (Ill Rev Stats (1967), c 38, § 21–2), and sentenced to six months at the Illinois State Farm. After a hearing on the rule, the court ordered probation terminated and imposed a sentence of four to ten years on the original conviction for aggravated battery to which the defendant had pleaded guilty earlier. The defendant now appeals seeking a reduction of the minimum sentence.

The stipulated facts show that the defendant took a rifle from his companion and shot McCabe once in the stomach. This happened in an alley at 10 p. m. as the victim was walking with his friend. McCabe remained in the hospital for nine days. The alleged reason for the shooting was that some youths had earlier thrown bricks at the defendant and at his home. He shot the victim because he thought McCabe was one of these youths and that he was returning to do more damage.

In fact, McCabe had never thrown bricks at the defendant or his home. After the shooting, the defendant fled to Detroit but within a month, he waived extradition and was returned to Illinois. Before placing the defendant on probation, the trial court warned him that should his probation be terminated, he could be sent to the penitentiary for a minimum of one and a maximum of ten years. At the later hearing on the rule to show cause, the court reminded the defendant of its earlier warning which he had disregarded and sentenced him to four to ten years in the penitentiary. The defendant, a minor, was represented by appointed counsel at all stages of these proceedings beginning with his arraignment.

In this appeal, the defendant contends that: (1) the minimum sentence is too severe and should be reduced because it is not commensurate with the crime and it defeats the effectiveness of the parole system by making mandatory the defendant's incarceration long after rehabilitation has been accomplished; and (2) since the defendant was seventeen at the time of sentencing and had no substantial record of violations, the court should have imposed a minimum sentence closer to the statutory minimum of one year.

It is readily apparent from the stipulated facts that the defendant did not shoot his victim during the heat of a struggle nor did the weapon discharge accidentally. The shooting was done intentionally or knowingly. The accused fled to Detroit and was returned one month later. The defendant's blameless victim was shot in the stomach and remained hospitalized for nine days. The accused was indeed fortunate that the wound was not fatal. Only fortuity kept him from possibly being indicted for murder.

██ The defendant pleaded guilty to the offense of aggravated battery and sought probation which he received. The court did not require, as a condition of proba-

tion, that the defendant be imprisoned in the County Jail for any period of time not to exceed one year although it could have. Ill Rev Stats (1967), c 38, § 117–2(b)(1). He was allowed to return to society immediately. Within five months after this conditional release, the defendant was returned to court and his probation was terminated, not for a technical violation of probation, but because he had been convicted of violating an Illinois penal statute while on probation. (This charge was criminal trespass to vehicle.) By his voluntary actions, the defendant has forfeited his opportunity for rehabilitation and has shown his lack of contriteness for his past crime. The interests of society must also be protected when the court is faced with sentencing a defendant for violation of his probation.

The sentence for aggravated battery, if punished as a felony under Ill Rev Stats (1965), c 38, § 12–4(a), is one to ten years. The sentence imposed by the court is within these statutory limits. Within the facts of this case, we hold that the minimum sentence of four years is commensurate with the crime in that the defendant intentionally used a deadly weapon and shot an unarmed man because the accused was angry at some other people. The defendant's confinement for a possible period of four years is required for the protection of society as reflected by the facts in this record.

We are not persuaded by the defendant's contention that because of his youth and no prior criminal convictions exclusive of aggravated battery and criminal trespass to vehicle, the trial court erred in not imposing a minimum sentence closer to the statutory minimum of one year. The minimum sentence of four years is not excessive and is a proper punishment for the offense of aggravated battery as reflected by the stipulated facts in this record. Within the facts of this case, such a minimum sentence does not constitute a departure from

the fundamental law, its spirit and purpose, nor is it not proportioned to the nature of the offense. People v. Smith, 14 Ill2d 95, 97, 150 NE2d 815, 817 (1958); People v. Hicks, 35 Ill2d 390, 397–98, 220 NE2d 461, 465 (1966). In this case the trial court did not abuse its discretion in entering such a minimum sentence.

The judgment is affirmed.

Judgment affirmed.

McCORMICK, P. J. and BURKE, J., concur.