**People of the State of Illinois, Plaintiff-Appellee, v. Robert Loyd, Defendant-Appellant.**

Gen. No. 69–151.

Second District.

June 25, 1970.

John T. Beynon, Public Defender, of Rockford, and John F. McNamara, Assistant Public Defender, for appellant.

Philip G. Reinhard, State's Attorney of Winnebago County, of Rockford, and John C. Tower, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The narrow issue in this case is whether the trial court erred in imposing upon the defendant a sentence of not less than 5 nor more than 15 years in the penitentiary. His codefendant, who was subsequently sentenced by another judge of the same circuit, received a term of not less than five nor more than 10 years.

On August 5, 1968, at about 11:00 p. m., John Sarantou, the operator of the It Liquor Store in Rockford, and his employee, John Dixon, were walking to the parking lot after closing the store. Two men—later identified as Robert Loyd, the defendant, and Larry Hall, the codefendant—forced them, at gunpoint, to go back into the store. The defendant had a knife and Hall had a gun. They took the wallets of Sarantou and Dixon, and held Sarantou at gunpoint while Dixon tried unsuccessfully to open the safe. The defendant pulled Sarantou's shirt up from the bottom and threatened him with a knife, which Sarantou described as a cleaver.

At this juncture, the lookouts, in connection with the robbery, gave a warning whistle; Hall wanted to leave, but the defendant wished to stay to get the "big money." Sarantou and Dixon were told by the defendant and codefendant that "Now is the last minute of your life." The lookouts whistled again, and Hall and the defendant fled. As they were running away, Hall fell and hurt his foot, and the defendant carried him to within one block of Hall's house where the police captured Hall, but the defendant escaped. He was apprehended on February 5, 1969, was arrested, and charged with armed robbery and robbery of the It Liquor Store.

198

The defendant, who was represented by the Public Defender, waived his right to prosecution by indictment, and an information, consisting of two counts, was filed against him. He entered a plea of not guilty to the charges of armed robbery and robbery. Thereafter, he withdrew his plea of not guilty to the armed robbery charge and entered a plea of guilty. Judgment was entered on the plea, and on motion of the State's Attorney, the charge of robbery against the defendant was nolle prossed. The record reflects proper admonitions to the defendant with reference to waiver of the right to be indicted, of the right to a jury trial, and with reference to the plea of guilty.

The defendant filed a petition for probation. The probation report and hearing indicated that he was born and reared in Chicago, and had seven brothers and one sister. He was a high school dropout, and the father of an illegitimate child. He had never been married and had never been in the military service. He had a record of at least eight previous arrests on charges of resisting arrest, auto theft and criminal trespass; and during 1967 and 1968, he had served eight and one-half months in the House of Correction in Chicago for auto theft. At the probation hearing, the defendant and one witness testified on his behalf, and Sarantou testified on behalf of the People. The court denied the petition for probation.

The evidence offered at the probation hearing was allowed to stand in lieu of a separate hearing in Aggravation and Mitigation. The trial court, before passing sentence, discussed the fact that the lives of Sarantou and Dixon had been threatened with a deadly weapon, and then sentenced the defendant to the penitentiary for not less than five nor more than fifteen years.

The defendant contends that the sentence is too severe and should be reduced. He urges that there was no rea-

son why a more severe sentence should have been imposed upon him than upon Hall, who received not less than five nor more than ten years for the same offense. We disagree with this contention!

■ One of the general purposes of the Criminal Code is to "Prescribe penalties which are proportionate to the seriousness of offenses and which permit recognition of differences in rehabilitation possibilities among individual offenders." (Ill Rev Stats 1969, c 38, par 1–2(c).) This purpose affords the court a range of discretion in sentencing which permits a recognition of the rehabilitative possibilities of the individual offender. The law does not necessarily contemplate that the same penalty will be inflicted upon all persons who are guilty of the same offense; and different sentences for persons who are guilty of the same offense may not constitute disparate treatment of the offenders.

In considering this subject, we stated in People v. Buell, 120 Ill App2d 367, 256 NE2d 845, at page 847:

> "In imposing a sentence, the trial court has an obligation to the public as well as to the person found guilty of a crime. In addition, the sentence is significant to the institutional officials in their program of rehabilitation in connection with the incarceration of the convicted person. Thus, in sentencing, the court must consider the punishment warranted under the circumstances of the particular case, the protection of the public, and the potential for rehabilitation of the party being sentenced. The circumstances of the case include the nature of the offense, the attending circumstances, the character and propensities of the offender, his family, work record, past delinquencies, his potential for rehabilitation, and all other pertinent matters."

■ The defendant's character and propensities, his family background and work record, his past delinquencies, and the nature of his present offense and its attending circumstances, including his subsequent flight, were not indicative of a good rehabilitation potential. The record does not indicate any pertinent facts in connection with Hall's potential for rehabilitation; consequently, we have no basis for determining whether Hall or the defendant stood in a favored position in this respect. However, the record does indicate that the defendant threatened Sarantou's life with a cleaver; that when the lookout gave a warning whistle, the defendant wanted to stay in the liquor store to get the "big money"; and that upon leaving the liquor store, Hall was captured, the defendant escaped and was not apprehended for approximately six months. Thus, the evidence would support the view of the trial judges: that the defendant and codefendant were not equal participants in this armed robbery; and that the greater sentence imposed upon the defendant by the trial judge did not constitute an abuse of his discretion.

■■ When a sentence is imposed within the limits prescribed by statute, an appellate court will not disturb that sentence unless it clearly appears that the penalty imposed constitutes a great departure from the fundamental law and its spirit and purpose, or that it is manifestly in excess of the proscription of section 11 of Article II of the Illinois Constitution requiring that all penalties be proportioned to the nature of the offense. People v. Taylor, 33 Ill2d 417, 424, 211 NE2d 673 (1965); People v. Smith, 14 Ill2d 95, 97, 150 NE2d 815 (1958); People v. Juve, 106 Ill App2d 421, 428, 245 NE2d 293 (1969). Also see: People v. Scott, 117 Ill App2d 344, 253 NE2d 553 (1970). The imposition of sentence is peculiarly within the discretion of the trial court and this

discretion should not be interfered with unless it is clearly abused. People v. Nordstrom, 73 Ill App2d 168, 183, 219 NE2d 151 (1966). We find no abuse of discretion by the trial court in this respect.

■ ■ The power in reviewing courts to reduce sentences should be exercised with considerable caution. People v. Taylor, supra, 424. Sentences that have been imposed in other armed robbery cases, which involve different circumstances and other defendants who may possess a greater rehabilitation potential, can be no more than a faint guide to the possible sentence to be imposed herein; and the sentence imposed against defendants who are guilty of the same offense must likewise be based on the varying degrees of criminality perpetrated by each respective defendant, the protection to which the public is entitled, the circumstances of the particular case, the moral character and propensities of each defendant, their respective family backgrounds and work records, the rehabilitation potential of each defendant, and all other pertinent circumstances. All of these factors should be considered by the court in imposing sentence.

Under the circumstances of this case, we find no evidence which would warrant us to reduce the sentence imposed by the trial court. Accordingly, the judgment is affirmed.

Judgment affirmed.

ABRAHAMSON and MORAN, JJ., concur.