**People of the State of Illinois, Plaintiff-Appellee, v. James Morici, Defendant-Appellant.**

Gen. No. 69–223.

Second District.

October 7, 1970.

Edwin L. Douglas and Kevin P. Connelly, of Wheaton, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

James Morici, defendant, was jointly indicted with others, for the offense of burglary, and entered a plea of guilty to the charge. The court adjudged him guilty of burglary and, upon petition, granted him probation. During the period of his probation, he was convicted of receiving stolen goods and of disorderly conduct. A petition, filed by the State for the revocation of his probation, was granted and the court then sentenced the defendant to the penitentiary for a term of from two to four years for the offense of burglary. This appeal followed.

The defendant was represented by private counsel at the hearing for revocation of probation, and is represented by the Public Defender of Du Page County on this appeal.

On July 10, 1970, the Public Defender filed a petition for leave to withdraw as appellate counsel, and pursuant to Anders v. California, 386 US 738, 18 L Ed2d 493, 87 S Ct 1396 (1967), has filed a brief in support of his petition, wherein he alleged that the appeal was wholly frivolous and without any contentions which might arguably support it. Proof of service indicates that a copy of the petition and brief was mailed to the defendant, #65936, Box 112, Joliet, Illinois, on July 3, 1970.

On July 15, 1970, the court, on its own motion, caused its clerk to direct a letter to the defendant which notified him that the Public Defender had filed a petition to withdraw as his appointed attorney; that the petition contained conclusions of the Public Defender that the sentence imposed on the defendant was not excessive; and that the asserted trial errors were frivolous. This letter also notified the defendant of the Proof of Notice which

was attached to the petition; and that the Court, on its own motion, had continued the matter to August 14, 1970, in order to allow him to file any additional matters which he believed to be meritorious on his behalf, or to assert any other reasons why the petition should not be allowed, or why the court, after review of the record, should not affirm the judgment of the trial court.

The defendant did not file any pleading in response to the notice of the Public Defender or the court, and sought no extension of time within which to do so. However, he did address a letter to the court, which was filed as part of the record in the case, wherein he stated that he believed that the court discriminated against him in that one of the other codefendants, who was not granted probation, upon a finding of guilty received a lesser sentence than he.

The brief and argument of the Public Defender states that only illusory issues are presented in the appeal, and that the appeal is frivolous and void of any contentions that might arguably support the appeal. It asserts that the illusory issue is that the court abused its discretion in imposing the sentence.

██ In view of the defendant's conduct while on probation, we believe that the revocation of his probation was proper, and that the court did not abuse its discretion in imposing a sentence upon him of from two to four years in the penitentiary. The People v. Smith, 14 Ill2d 95, 97, 150 NE2d 815 (1958); People v. Smice, 92 Ill App 2d 83, 86, 234 NE2d 47 (1968).

██ We have fully examined all of the proceedings, as required by Anders v. California, supra, and conclude that the appeal lacks merit, and if pursued further, would be frivolous. The Public Defender is, therefore, given leave to withdraw as the defendant's counsel and the judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.