THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND BRADLEY, Defendant-Appellant.

(No. 53089;

First District—October 30, 1970.

Reilly, Sentman & Selby, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, James W. Reilly and Richard Zulkey, of counsel,) for the People.

Mr. PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

On November 17, 1966, the defendant, Raymond Bradley, was indicted for murder. On October 3, 1967, he pleaded guilty to and was convicted of voluntary manslaughter. After a hearing in aggravation and mitigation he was sentenced to 12 to 20 years in the Illinois State Penitentiary. This appeal is taken from that judgment.

The defendant argues in this court that the plea of guilty was improperly obtained by misrepresentation of his counsel; that defendant did not adequately understand the effect of his guilty plea; and that his rights were violated because if he had been tried for murder he might have been sentenced to death. The defendant also contends that the indeterminate sentence provision in the statute is unconstitutional, and that he did not have a proper hearing in aggravation and mitigation.

At the trial the parties stipulated that witnesses would testify to seeing the defendant and the victim, Marion Bradley, together; to hearing a shot; to seeing defendant holding a gun; and to seeing defendant shoot the victim. It was also stipulated that the facts are sufficient to support a conviction of voluntary manslaughter. It was further stipulated that the arresting officer, William Johnson, would testify that on October 7, 1966, at 6:45 P.M., he was stopped by a citizen and informed that a woman had just been shot; that the defendant surrendered himself to the police, turned in the gun, and confessed that he had shot his wife.

After the court found the defendant guilty there was a hearing in aggravation and mitigation, at which time the State's Attorney said:

"In aggravation, your Honor, the State would offer that this girl of 19 years, that she had three children, that it was a brutal and vicious killing on the street. Apparently from what evidence we have, this was not prompted by any particular argument or disagreement. The deceased and the defendant had been separated."

In response counsel for the defendant stated:

"In mitigation, your Honor, * * * the defendant states he is 25 years of age. He was employed for some time by the Rock Island Railroad as an electrician's helper. He was also employed by another company at the same time as a machinist. In addition, he had been attending evening school for Civil Service, with the hopes of becoming an Illinois State police officer. He had been living with this woman and it was a very short separation and the defendant indicated there had been no prior existence of any animosity toward these people. It transpired in a matter of minutes."

Thereupon, the court sentenced the defendant to 12 to 20 years in the penitentiary.

■ In this court defendant argues that his constitutional rights were violated because his attorney misrepresented the length of the sentence

he would receive on a plea of guilty of the offense of voluntary manslaughter. There is nothing in the record to support that argument.

In considering the guilty plea the court questioned the defendant extensively, told him the consequences of such a plea and the range of the sentence; and the defendant had the opportunity to discuss the matter with his attorney. Defendant alleges in his brief that his trial counsel was inadequate, but that allegation is not supported by the facts in the record. To the contrary, from the stipulation of facts, it is difficult to see what possible defense could have been presented on defendant's behalf.

In the recent case of *Boykin v. Alabama*, 395 U.S 238, cited by the defendant, the trial court asked no questions of the defendant concerning his guilty plea, and the defendant did not address the court. However, the facts in that case are not similar to those in the present case. Furthermore, a recent decision (*People v. Williams*, 44 Ill.2d 334) held that the ruling in *Boykin* did not apply retroactively to any plea of guilty entered prior to June 2, 1969, the effective date of the *Boykin* decision. In the instant case the plea of guilty was entered on October 3, 1967; consequently, the *Boykin* case does not apply.

It appears from the record that the defendant was adequately advised with reference to his plea of guilty. He argues that he was coerced into surrendering his right to a trial by jury and coerced into pleading guilty to voluntary manslaughter because the death penalty might be invoked in a murder case on a jury's recommendation. This argument may be completely disregarded since a judge sitting without a jury in a murder case can also impose the death sentence.

■■ The defendant also argues that the provision requiring indeterminate sentencing (Ill. Rev. Stat. 1967, ch. 38, par. 1—7(e)) is unconstitutional. His argument is not supported by the cases. In *People v. Tice*, 89 Ill.App.2d 313, the court held at page 315 that sentences are required to be indeterminate; that "it is the general purpose of the criminal law to prevent arbitrary or oppressive treatment of offenders and to provide penalties which are proportionate to the offense and which permit of recognition of differences in the rehabilitation potential of individual offenders." The statutory indeterminate sentence for voluntary manslaughter is a term of 1 to 20 years in the penitentiary. Ill. Rev. Stat. 1967, ch. 38, par. 9—2(c).

In the instant case the hearing in mitigation and aggravation in the trial court was sufficient to enable the court to arrive at an intelligent determination concerning the sentence to be imposed. Before passing sentence, the trial court heard evidence concerning the moral character, life, family, occupation and criminal record of the defendant. The court also took into consideration the fact that the defendant had killed his

wife, the mother of three children; that he had been separated from his wife, but that there was no argument or disagreement between them.

■■ In this court the defendant argues that the sentence should be reduced. It is true that a court of review has the power to reduce a sentence; however it has been held in *People v. Miller*, 33 Ill.2d 439, 444, that this power will be utilized only where it clearly appears that "the penalty constitutes a substantial departure from the fundamental law and its spirit and purpose, or that it is not proportioned to the nature of the offense. (*People v. Smith*, 14 Ill.2d 95.)" Also see *People v. Myers*, 94 Ill. App.2d 340, 351.

■■ The sentence in the instant case was a proper exercise of judicial discretion within the limits of the law. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

LYONS and BURKE, JJ., concur.