The People of the State of Illinois, Plaintiff-Appellee, *v.* Eddie Hodges, Defendant-Appellant.

(No. 55439;

First District—May 19, 1971.

Gerald W. Getty, Public Defender, of Chicago, (John E. Hughes, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Eddie Hodges, appeals from a sentence of five to ten years in the Illinois State Penitentiary, imposed in the Circuit Court of Cook County, after a revocation of probation. On October 31, 1967, the defendant pleaded guilty to a charge of robbery. Hodges and a companion stopped a father and child in an automobile, entered the car, and told the father he would be shot if he resisted. During the journey in the car, which took from seven to ten minutes, they took currency and a wrist watch from the father.

At the hearing on aggravation and mitigation, the State presented no record of previous convictions, but noted several unexplained traffic violations. Judge Holzer disregarded the State's recommended sentence of a year and a day in the penitentiary and granted defendant five years' probation. During this period the defendant was to settle his traffic violations within a week, abstain from alcoholic beverages, and work no less than sixteen hours per week as a volunteer at Cook County Hospital for three years. The judge warned the defendant:

"I'm not going to send you to prison. If I sent you to prison, as the State suggested, and they were very, very modest in their suggestion of a year to a year and a day, if I sent you to prison, when you walked out of that prison after the year, I'd lose control over you. Instead you are going to be sentenced to five years probation. This means that you are going to have to report to a probation officer each and every month. And, during that probation, any infraction of the law, whether it be a felony or a misdemeanor, * * * will be brought to my attention and you will be dealt with to the severest extent of the law."

On February 28, 1969, using the name of Walter Norman, the defendant was convicted of robbery and aggravated battery and sentenced to serve one to five years in the Illinois State Penitentiary by another judge.

At a probation violation hearing on April 25, 1969, before Judge Holzer, the defendant's attorney stated to the court that Hodges did

some work at the County Hospital, had abstained from alcoholic beverages to an extent, but had not settled his traffic violations. The probation officer testified that Hodges reported only twice and he had no knowledge of any other of the defendant's activities. Judge Holzer then sentenced the defendant to a term of five to ten years in the penitentiary.

The issue presented for review is whether the sentence was too severe and should be reduced.

The defendant contends that the sentence imposed was too harsh when considered in the light of his record, and that the severity was inspired by the seriousness of his second conviction rather than as a just punishment for his first offense. In *People v. Morgan* (1965), 55 Ill.App. 2d 157, the court said (p. 161):

> "Invoking punishment for violation of probation does not, in any sense, undertake to punish for the offenses committed subsequent to the granting of probation. Granting probation only defers the imposition of sentence as to the matter wherein probation was granted."

██ We agree with that statement of the law, but it is not relevant to the case at hand. It is apparent from the judge's comments when imposing probation that he felt the offense was a serious one, and only strict compliance with the terms of probation would keep the defendant from serving a long term. It is also clear from the record that the defendant chose not to adhere to those terms. He failed to clean up the traffic violations, used alcohol, failed to report regularly to his probation officer, and committed another felony. These facts indicated to the judge his trust had been misplaced and the defendant should serve the long term which he originally considered.

The court did not disregard the law nor abuse its discretion in imposing the five to ten year sentence. Section 117—3 (d) of the Illinois Revised Statutes, Chapter 38, reads as follows:

> "If the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted."

The sentence imposed was well within the statutory period of from one to twenty years. (Ill. Rev. Stat., ch. 38, par. 18—1.) Neither was the sentence contrary to the holding of *People v. Smith* (1958), 14 Ill.2d 95, reaffirmed in *People v. Taylor* (1965), 33 Ill.2d 417. In *Smith*, the court said:

> "Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it

clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution which requires that all penalties shall be proportioned to the nature of the offense."

The defendant next contends that the court failed to conduct a proper hearing in aggravation and mitigation before sentencing the defendant. However, the record indicates the court not only heard from both the defendant's attorney and his parole officer, but was well aware of his background, as presented at the original hearing in aggravation and mitigation.

For the reasons stated, the judgment is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.