487 P.2d 390

**STATE of Arizona, Appellee,**

**v.**

**Carral Raymond GILBREATH, Jr., Appellant.**

**Nos. 2057, 2094, 2095.**

Supreme Court of Arizona,
In Banc.
July 28, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James Kemper, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

In May of the year 1969, Carral Raymond Gilbreath was informed against in Maricopa County, Arizona on five charges. In Cause 58049 he was charged with four counts of armed robbery, each alleging a prior conviction. In Cause 57981 he was charged with one count of kidnapping and one count of assault with a deadly weapon. In Cause 56276 he was charged with two counts of robbery with allegations of prior convictions. He was also charged with other crimes by criminal informations in Cause 58049 and Cause 57944, each having various counts. To all the charges and counts, Gilbreath initially pled not guilty.

On May 8, 1969, he came before the Superior Court with counsel who indicated that Gilbreath was desirous of entering certain pleas of guilty. As to Cause 58087 he pled guilty to four counts of robbery and subsequently the State dismissed the allegations of prior convictions as to three of the four counts. In Cause 57981 he entered a plea of guilty to assault with a deadly weapon and the State dismissed the count of kidnapping. In Cause 56276 he entered pleas of guilty to two counts of robbery and the State dismissed the allegations of prior convictions. The informations and all counts in Causes 58049 and 57944 were dismissed.

It is conceded that the dismissal of the informations and counts and allegations of prior convictions were the result of plea bargaining.

At the time Gilbreath withdrew his pleas of not guilty and entered pleas of guilty, counsel for the defendant stated as to Cause 58087, "I have discussed this case with the defendant and he has informed me that he is desirous of entering a plea of guilty * * *." The court then interrogated the defendant as follows:

"THE COURT: Is it your desire to enter a plea of guilty to the counts that I have just enumerated which are felonies?

You understand that?

THE DEFENDANT: I do.

Q Have you consulted with your attorney as to what might happen by reason of your pleading guilty?

THE DEFENDANT: I have.

THE COURT: Have any promises of leniency been made to you, by anyone or have there been any promises of probation made to you by anyone?

THE DEFENDANT: No, sir, there hasn't.

THE COURT: Have there been any threats or have you been coerced in any manner in order to get you to make this plea?

THE DEFENDANT: No.

THE COURT: You understand, Mr. Gilbreath, that by entering a plea you are giving up your right to a jury trial?

THE DEFENDANT: Yes.

THE COURT: You understand that?

THE DEFENDANT: Yes.

THE COURT: Are you guilty of the charges: count one with a prior conviction, county two, count three, and count four in this information?

THE DEFENDANT: Yes, I am.

THE COURT: All these are armed robberies.

Do you understand that if the court excepts [sic] your plea on these charges which are all felonies, that you could be sentenced to the state penitentiary for many years?

Are you aware of that fact?

THE DEFENDANT: Yes, I am.

THE COURT: Are you entering this plea of your own free will?

THE DEFENDANT: Yes, I am.

Q Are there any questions that you desire to ask your attorney or any questions you want to ask the court at this time?

THE DEFENDANT: I can't think of anything.

THE COURT: The court finds that the defendants request to withdraw his plea of not guilty and to enter a plea of guilty to the charges in the information is made knowling [sic], voluntarily, and intelligently."

The court similarly interrogated the defendant in Cause 57981 and in Cause 56276. In both of these causes it admonished the defendant that he could be sentenced to the state penitentiary for a long period of time.

The court thereafter, on May 29, 1969, imposed sentence on the respective counts of the various informations, some of which were made to run concurrently and some of which were made to run consecutively. The totality of the sentences, however, fixed the defendant's punishment at no less than 64 nor more than 85 years.

Defendant has appealed all three convictions and, since the points urged for reversal are identical, we ordered their consolidation for the purpose of disposition by one decision.

■ Defendant urges that the pleas of guilty entered in the Superior Court were invalid in that the interrogation of the sentencing judge did not comply with Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., asserting that in State v. Jennings, 104 Ariz. 3, 448 P.2d 59, this court intended to make Rule 11 applicable to the taking of guilty pleas in Arizona. We did not. A cursory examination of Jennings reveals that it is principally authority for the proposition that plea bargaining is a suitable technique to be used by a prosecutor being frequently in the best interest of the State and the accused. No reference in that case was made to Federal Criminal Rule 11.

■ We have no trouble in deciding that Gilbreath's plea was voluntary, since it is clearly the product of plea bargaining. Gilbreath had the expectation that he would receive a quid pro quo for a plea of guilty. That is to say, he would surrender the three constitutional rights—the right to remain silent, the right to a jury trial, and the right to confront witnesses against him— and the State would surrender the right to prosecute other charges and assert increased punishment as a recidivist through dismissal of the allegations of prior convictions. Moreover, the record from the lower court makes it abundantly clear that the pleas of guilty were freely and voluntarily entered.

We do not think it is necessary to proceed into an examination of whether his guilty pleas were taken in violation of the pronouncements in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. That case is not retroactive as to pleas of guilty prior to June 2, 1969. As pointed out, the guilty pleas in the instant case were taken on May 8, 1969. *See* Benn v. Eyman, 436 F.2d 1074 (9th Cir.); People v. Grand, 16 Cal.App.3d 27, 32, 93 Cal.Rptr.

658, 661; People v. Boone, 25 Mich.App. 136, 181 N.W.2d 30; People v. Wilkins, 25 Mich.App. 235, 181 N.W.2d 281; People v. Bradley, 128 Ill.App.2d 38, 264 N.E.2d 892; Montanye v. State, 7 Md.App. 627, 256 A. 2d 706; Hall v. State, 45 Ala.App. 252, 228 So.2d 863; State v. Mitchell, 2 Wash.App. 943, 472 P.2d 629. For example, in People v. Grand, supra, the court said:

"The guilty plea in the instant case was taken on March 13, 1969, prior to the date of the decision of Boykin v. Alabama, supra, 395 U.S. 238, 89 S.Ct. 1709 [23 L.Ed.2d 274], on June 2, 1969. As the California Supreme Court stated in In re Tahl, supra, 1 Cal.3d 122, 133, 81 Cal.Rptr. 577, 585, 460 P.2d 449, 458 '[W]e believe that Boykin v. Alabama, and any new procedures dictated by that decision should be given only prospective application.'"

Judgments of convictions affirmed.

HAYS, V. C. J., and UDALL, LOCK-WOOD and CAMERON, JJ., concur.