THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SHELBY, Defendant-Appellant.

(No. 70-120;

Fifth District—August 17, 1971.

*Rehearing denied October 8, 1971.*

Morton Zwick, Director of Defender Project, of Chicago, (Saul R. Leibowitz, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant appeals the sentence of not less than two nor more than ten years imprisonment imposed upon him following his plea of guilty to the crime of robbery.

It appears from the record that defendant, accompanied by two co-defendants, both of whom were women, beat and robbed an elderly woman service station proprietor. The victim was hospitalized for seventeen hours following the attack. The women co-defendants took no active part in the robbery or beating but were present at the time, served as lookouts and shared in a division of the proceeds. The co-defendants were charged with robbery but later entered pleas of guilty to the reduced charge of theft and were fined. Upon entering his plea of guilty to the crime of robbery defendant made application for probation but this was denied and a sentence of not less than two nor more than ten years imprisonment imposed. An indictment charging the defendant with beating and robbing the same woman service station operator on an occasion approximately three weeks earlier was dismissed upon his plea of guilty to the present charge. Defendant had a prior conviction for which he received a suspended sentence. The nature of the offense for which the suspended sentence was imposed does not appear.

Defendant testified in support of his application for probation that he had been drinking at the time of the occurrence and that approximately two weeks before he had lost heavily in gambling and needed money to pay his rent. He also testified he was working, holding down two jobs, and had a family consisting of a wife and two children with another child on the way.

It is defendant's contention in this appeal that since his two co-defendants were permitted to enter pleas of guilty to the reduced charge of theft and received only fines as punishment it was an abuse of discretion when he was not accorded like treatment, and the action of the trial court in imposing a sentence upon him when his co-defendants received only fines constitutes a denial of equal protection of the law. Defendant argues that he has shown himself to be remorseful and contrite

and that the trial court erred in ignoring the probation report (which is not in the record) and imposing a penitentiary sentence. Defendant asks that he be granted probation or that his sentence be reduced.

The purposes to be achieved by sentencing are to make the punishment proportionate to the seriousness of the offense, to protect society from further offenses and to recognize the possibility of rehabilitating the individual offender. (*People v. Loyd,* 125 Ill.App.2d 196, 260 N.E.2d 63; *People v. Lillie,* 79 Ill.App.2d 174, 223 N.E.2d 716.) Fundamental fairness and the creating of a respect for law require that defendants who are similarly situated may not receive grossly disparate sentences. *People v. Haynes,* (Ill.App.2d), 266 N.E.2d 172.

We are unable to isolate the justification upon which defendant relies in equating his conduct during the robbery in question with that of his co-defendants so as to require a similar sentence. It was he who engineered and actually perpetrated the crime during which he administered a severe beating to an elderly woman and forcibly took $100 from her. The part played by his co-defendants was to serve as lookouts and share the proceeds of the robbery. The disparity in the sentences imposed obviously stems from the disparity of the conduct, which is substantial. It certainly cannot be said that there was any departure from fundamental fairness because of the disproportionate sentence given defendant. The record furnishes ample support for the action of the trial court so that it affirmatively appears that the defendant was not deprived of equal protection of the law. Nor in our opinion did the trial court display any prejudice or abuse of discretion in imposing sentence upon defendant. Our Supreme Court has consistently held that where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, it should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of Section 11 of Article II of the Illinois Constitution which requires that all penalties shall be proportioned to the nature of the offense. (*People v. Richardson,* 43 Ill.2d 318, 253 N.E.2d 420; *People v. Smith,* 14 Ill.2d 95, 150 N.E.2d 815.) Considering the conduct of the defendant in his commission of the offense and his background the punishment imposed is not excessive and reduction of his sentence upon this appeal is not justified.

Judgment affirmed.

EBERSPACHER and MORAN, JJ., concur.