493 P.2d 915

**STATE of Arizona, Appellee,**

v.

**Walter Wayne BROWN, Appellant.**

**No. 2168.**

Supreme Court of Arizona, In Division.

Feb. 8, 1972.

Rehearing Denied March 7, 1972.

---

Gary K. Nelson, Atty. Gen., by William P. Dixon and Albert M. Coury, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

This case is before us on a delayed appeal from sentences imposed after the defendant pleaded guilty to first degree burglary and attempted rape. His guilty pleas were the result of plea bargaining in which the state agreed to dismiss an allegation of prior conviction. Defendant was sentenced to five to seven years on each charge, the sentences to run concurrently and to commence with the date he was first incarcerated several months prior to sentencing.

On appeal, he contends that his pleas were neither voluntarily nor intelligently made, because the trial judge failed to inform him of the elements of the offenses charged or the maximum range of punishment possible, and failed to ascertain that he was in fact guilty of the charges.

The transcript of the proceedings shows that the following colloquy took place between the defendant, his counsel, the public defender, the county attorney, and the judge:

"THE COURT: Court has been informed that * * * the defendant wishes to enter a change of plea, is that correct?

MR. BROWN: Yes, Your Honor.

MR. BENNETT [Brown's attorney]: Yes, Your Honor. I have discussed the change of plea with Mr. Brown. Advised the defendant that he could spend time in jail or even Florence or even possibility of probation. Made no promises of leniency or probation to Mr. Brown. Have not threatened the defendant in any manner. And after advising the defendant of this, he wishes to withdraw his plea of not guilty to amended information no. 55779, charging Count 1, burglary, and, Count 2, attempted rape, and formally enter a plea of guilty to this information.

I understand the State would drop the prior conviction at the time of sentencing, Your Honor.

MR. SWAN [County attorney]: Your Honor, we will stipulate that the State will drop the prior conviction at the time of sentencing.

THE COURT: Mr. Brown, you have heard the representations made in court by Mr. Bennett. Are you in agreement with those representations?

MR. BROWN: Yes, Your Honor.

THE COURT: You are now pleading guilty to the two felonies as charged. Court would simply ask you, did you in fact commit the felonies as charged?

MR. BROWN: Beg your—

THE COURT: Were you guilty of burglary and attempted rape?

MR. BROWN: No, Your Honor * * *. I don't feel I was guilty of attempted rape, Your Honor.

Burglary, yes.

THE COURT: Well, the Court can accept your plea as to guilty of burglary.

If you say you are not guilty of the crime of attempted rape, well, then, the Court can't accept your plea on that charge. * * *

MR. BROWN: I don't quite understand, Your Honor.

THE COURT: Well—

MR. BENNETT: Your Honor, if I may explain to the defendant what the crime of attempted rape is?

THE COURT: Certainly.

MR. BENNETT: That is just the crime of attempting to commit the act of rape. The crime is properly established once there is any overt act as far as having attempted or trying to rape a woman. You do not have to rape a woman. Just simply an overt act of attempting to do so.

THE COURT: Well, we will go off the record. If you want to talk to your client privately at counsel table, the Court will give you an opportunity to do so.

MR. BENNETT: Thank you.

THE COURT: So he will understand what the situation is.

MR. BENNETT: Your Honor, I have consulted with the defendant and explained the circumstances to him and the elements of the crime of attempted rape. I feel that he is at this time willing to admit the deed.

MR. BROWN: Yes, Your Honor.

THE COURT: Then you do admit the guilt to the two charges of burglary and attempted rape, is that correct?

MR. BROWN: Yes, Your Honor.

THE COURT: Well, then, in that regard the Court will accept the plea of guilty to the two charges.

\*        \*        \*        \*        \*

THE COURT: The Court accepts the plea of guilty to the two felony charges.

The Court further finds that the pleas were voluntarily made, were intelligently made, and the Court further finds that the defendant through counsel and personally admits that he is guilty of the two charges."

We need not decide whether the above-reported proceeding complies with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), since it took place several months before that decision, and we have held that Boykin is not retroactive. See, e. g., State v. Laurino, 106 Ariz. 586, 480 P.2d 342.

Defendant had retained counsel who had withdrawn prior to representation by the public defender. The latter's statement to the judge was that he had advised defendant that he "could spend time in jail or even Florence" for the crimes charged. It would be unrealistic to assume that the possible range of punishment had never been discussed between defendant and his attorneys. The uppermost question in the mind of any defendant is how short a sentence can be obtained and his problem is to find a term between the maximum and the minimum which is acceptable. While the record does not positively show that defendant affirmatively knew the possible range of sentence, it justifies that conclusion clearly and convincingly.

While Boykin may now require more care in preserving the record of the communication of information to the defendant, we are convinced that this defendant was informed of his rights and that the sentencing judge properly found that the plea was voluntarily and intelligently made. Likewise, we are convinced from the record that defendant knew the elements of the crimes with which he was charged, and that there was a factual basis for the pleas. See State v. Laurino, supra; State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971); State v. Gilbreath, 107 Ariz. 323, 487 P.2d 390 (1971), for cases with closely allied facts.

State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971), was a post-Boykin decision. In that case, we assumed, as here, that defendant's lawyer fully advised him of the consequences of a guilty plea. However, because it did not clearly appear in the record, we remanded to the superior court to be certain that defendant was fully advised of his rights. In Hooper, we held that if the superior court failed to so find, that court should set aside the guilty plea, reinstate the original information, and proceed with the trial. We are reluctant to remand this case to the superior court since

defendant has served three years on a five-to-seven-year sentence. A conviction now with a prior conviction would expose him to a greater term in prison than the present sentence.

Just as the record is sufficient to justify the assumption that defendant knew the possible range of punishment, so is the record sufficient to justify the conclusion that there was an ample factual basis for his guilt. Testimony was introduced at his preliminary hearing which was transcribed and filed in the superior court as part of the record in this case. The preliminary hearing made the defendant aware of the specific facts supporting the charges and the transcript now supplies a factual basis for the plea of guilty.

For the above reasons, the judgment and the sentences of the superior court are affirmed.

LOCKWOOD and HOLOHAN, JJ., concur.