THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOMER ROBINSON, Defendant-Appellant.

(No. 58746;

First District (4th Division)—March 13, 1974.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Homer Robinson, was charged with deviate sexual assault, contributing to the sexual delinquency of a child, and indecent liberties with a child. In a bench trial in the Circuit Court of Cook County, the defendant was convicted of indecent liberties with a child and sentenced to the penitentiary for a term of 7 to 15 years.

The sole issue on appeal is whether the sentence was excessive.

The defendant was discovered by police parked in an alley with his penis in the mouth of the 6-year-old daughter of the family with which he lived. She told police and testified at trial to that fact.

The defendant, who had one leg, denied the crime and stated he had just urinated out of the car door. The defendant had a long arrest record but had not previously been found guilty of any sex crimes. Prior to trial there was a Behavior Clinic examination and the defendant was found competent to stand trial.

Indecent liberties is a Class 1 felony for which the minimum sentence is "4 years unless the court, having regard to the nature and circum-

stances of the offense and the history and character of the defendant, sets a higher minimum term."

■■ This court's power to reduce a sentence should only be utilized where there has been " "* * * a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois Constitution, which requires that all penalties shall be proportioned to the nature of the offense. * * *'". *People v. Taylor* (1965), 33 Ill.2d 417; *People v. Smith* (1958), 14 Ill.2d 95.

■■ After reviewing the record we conclude the sentence was appropriate and does not violate the proscriptions of *People v. Taylor*.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

*Affirmed.*

ADESKO, P. J., and JOHNSON, J., concur.