THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM MOONEY, Defendant-Appellant.

(No. 70-132;

Second District—July 12, 1971.

E. Roger Horsky, of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Edward F. Dolinar, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant was indicted for burglary of the Top O The Morn Drive-in in Waukegan. He entered a plea of guilty and was sentenced

to 4-8 years in the Illinois State Penitentiary. The defendant has appealed this sentence and contends that the sentence is excessive in the light of the circumstances of this offense and the background of the defendant.

It appears that on December 6th, 1969, he broke the back window in the Drive-In and entered. He further stated that he had been drinking and he waited forty-five minutes until the police found him lying on the floor. The next day after being duly warned defendant told the police officers in Waukegan that he had committed or attempted to commit seven burglaries within the past several months. In two or more of the burglaries he took radios and appliances which he sold to sailors in North Chicago. He assisted in the burglary of the Olson & Brock Construction Company and from that burglary some cash and various checks were taken. He assumed a false identity and cashed about $200 worth of checks. He was apprehended attempting to break into the glove compartment of a car and one of the checks was found on him. As a result of this he was charged with deceptive practices and placed on probation with the understanding that he would return to the army, which he did not do. At the time of the instant burglary he was on probation.

As indicated above, defendant was AWOL from the army. He advised the police officer in Waukegan the day after his arrest on the instant burglary that he felt if he were caught for a felony he could get a discharge from the army as a result thereof. Application was made for probation and psychiatric evaluation of the defendant was had.

Defendant's application for probation is primarily based on the fact that he would secure psychiatric treatment if placed on probation again. At the time of his commitment to the State penitentiary the Trial Judge recommended to the authorities that he be given psychiatric treatment in the penitentiary. The Trial Judge further stated that the defendant was a menace to society.

Defendant has cited *People v. Taylor* (1965), 33 Ill.2d 417, 211 N.E.2d 673; *People v. Buell* (1970), 120 Ill.App.2d 367, 256 N.E.2d 845; *People v. Loyd* (1970), 125 Ill.App.2d 196, 260 N.E.2d 63; and *People v. Buford* (1970), 125 Ill.App.2d 424, 261 N.E.2d 23, for the proposition that the Appellate Court has the authority to reduce the sentence imposed by the Trial Court where deemed excessive. It is interesting to note that these cases contain excellent discussions of the subject but in all of the cases cited, the court refused to reduce the Trial Court's sentences, viz, 5-15 years for armed robbery, 2-7 years for cashing a forged check; 45 years for rape and 60-75 years for arson.

As stated above the sole ground for this appeal is that the sentence is excessive and that the defendant should be released for psychiatric

854

treatment. There is no indication in the record that the defendant was incompetent and there certainly is no assurance that reduction in his sentence would result in his rehabilitation. In the light of the acts committed, the sentence of 4-8 years is within the discretionary power of the court and particularly is this so where the alleged purpose of the last burglary was for the purpose of the defendant obtaining a discharge from the army; and in view of the fact that defendant was on probation at the time of the instant burglary. Judgment of the Trial Court is affirmed.

Judgment affirmed.

ABRAHAMSON and EBERLE, JJ., concur.