THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM C. MOONEY, Defendant-Appellant.

(No. 72-86;

Second District—November 27, 1972.

Paul Bradley and Ralph Ruebner, both of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Edward N. Morris, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant entered a plea of guilty to burglary and was sentenced to a term of 4 to 8 years in the penitentiary. Thereafter, he appealed to this Court and the conviction was affirmed. *People v. Mooney* (1971), 132 Ill. App.2d 852, 271 N.E.2d 369.

Fifteen days from the rendering of our opinion, the defendant filed a *pro se* petition in the trial court under the Post Conviction Act. (Ill. Rev. Stat. 1971, ch. 38, sec. 122—1 *et seq.*) The petition claimed that certain of his constitutional rights had been violated and prayed:

"* * * that the Honorable Court deems it necessary and as much [sic] appoint to represent Petitioner in this cause; That Petitioner is a Pauper within the meaning stipulated by law of the State of Illinois and the fourth Amendment of the Constitution of the United States of America, having no funds, securities or

the means by which to secure same. And prays he be granted the right to pursue this matter to a final and just conclusion as a pauper petitioner as is provided for by law."

It was admitted that defendant "does in some manner, shape or form request the appointment of counsel, though the name is not specifically used."

The State filed a motion to dismiss, requested an immediate hearing and argued against the appointment of counsel for the defendant. An immediate hearing without counsel was allowed and an *ex parte* proceeding was had wherein the State maintained that the defendant's allegations were without foundation. The court agreed and the *pro se* petition was dismissed.

The sole contention on appeal is that the trial court should have appointed counsel to represent the defendant on his petition.

The State contends that counsel for the defendant was not necessary in the instant case; that where the allegations in the *pro se* petition, taken together with a review of all prior proceedings in the case, leads the court to believe that no amendment could save the petition from a motion to strike, it must be concluded that counsel need not be appointed and the petition may be summarily dismissed. To substantiate this proposition, the State relies upon a statement of the Court in *People v. Collins* (1968), 39 Ill.2d 286, 288, where it was related that dismissal of nonmeritorious petitions on motion is contemplated by the Post Conviction Act. A reading of the case does not support such contention, as there counsel had been appointed to represent the defendant at his hearing on the petition. We find no substance to the State's contention.[1]

■■ Section 122—4 of the Act provides that if a petitioner is without counsel, alleges that he is without means to procure counsel and requests the same, then counsel shall be appointed. This provision is mandatory. *People v. Polansky* (1968), 39 Ill.2d 84, 87. Also see, *People v. Smith* (1968), 39 Ill.2d 581, 583; *People v. Dye* (1971), 50 Ill.2d 49, 50-51. (We have also reviewed *People v. Richeson* (1971), 50 Ill.2d 46 and *People v. Nichols* (1972), 51 Ill.2d 244, but find them not controlling here.)

For the reasons stated, the judgment of the circuit court of Lake County must be reversed and the case remanded with directions to vacate the dismissal and appoint counsel for the defendant.

Reversed and remanded with directions.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.

---

[1] Even if there was merit to the State's proposition, its asserted requirement, that a review of all prior proceedings was necessary to the court's determination, was not here met. The trial court stated that the record of the original trial was not before him in the instant hearing.