THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL GENE ROBIE, Defendant-Appellant.

Fifth District    No. 80-16

Opinion filed February 3, 1981.

KARNS, J., dissenting.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Walter E. Moehle, State's Attorney, of Nashville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The defendant, Carl Gene Robie, was convicted of criminal damage to property in excess of the value of $150 (Ill. Rev. Stat. 1975, ch. 38, par. 21—1(a)) and of operating a motor vehicle while under the influence of intoxicating liquor (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a)) before a jury in the circuit court of Washington County on October 23, 1979. The present direct appeal stems from these convictions. Appellant raises issues in regard to (1) whether the prosecution proved beyond reasonable

doubt that the defendant "knowingly" damaged property in view of the evidence supporting his theory of voluntary intoxication; and (2) whether the sentence imposed by the trial court was excessive under the circumstances of the crimes' commission.

On October 28, 1980, this court granted appellant's motion requesting that we consider the additional issue of whether to remand for imposition of sentence upon the traffic conviction where the trial court had failed to do so. (This issue was initially raised by the People in answer to appellant's brief which contained no discussion of the matter.) The convictions directly appealed from are affirmed and the cause is remanded for imposition of sentence.

Robie simultaneously appeals the dismissal of his petition for post-conviction relief filed July 8, 1980, pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1). The single contention of error concerning this remedial procedure is that the trial court improperly denied petitioner's constitutional right to due process of law by failure to grant petitioner's motion for appointment of counsel before granting the State's motion to dismiss the post-conviction action. We reverse and remand in regard to the post-conviction proceeding.

Both of the charges stemmed from the defendant's involvement in a collision on June 9, 1977. Robie had been driving his automobile west on Illinois Route 177 toward Hoyleton, Illinois, where his car was observed weaving back and forth across the median between lanes. Two witnesses testified that before reaching Hoyleton proper, the defendant caused each to leave the road to avoid being hit by Robie's oncoming vehicle. Shortly thereafter, at approximately 5:35 p.m., defendant's automobile left the road, jumped a curb and careened into a building occupied by the Hoyleton Community Club, Incorporated. The State's evidence established damage to the area of impact in excess of the statutory amount of $150. Robie remained seated behind the wheel until the arresting officer arrived moments later; the officer noted a strong odor of alcohol about defendant's person. He was briefly questioned concerning possible physical injuries, the circumstances of the collision, and then climbed from the car unassisted. Witnesses stated that upon exiting the vehicle and on the way to a nearby hospital defendant exhibited considerable belligerence and uncooperativeness. He had difficulty maintaining his balance when attempting to walk.

During the course of trial defendant chose to take the witness stand in his own behalf. Up to that point defendant's counsel had built his case on establishing a defense of intoxication. Contrary to that tactic, designed to aid Robie in defeating the more serious criminal damage charge, and contrary to an admission made at the scene, the defendant stated that he had not consumed any alcohol on the afternoon in question and had not

been intoxicated. Rather, he asserted that his accelerator malfunctioned, leading to the collision which occurred. His testimony was internally contradictory. Nevertheless, from all of the evidence presented it is clear that Robie was conscious and responsive following the impact. By his own testimony he was aware and could remember everything that happened that day including the point of impact with the Hoyleton building.

■■ On direct appeal Robie contends that the People failed to prove his knowing commission of felonious damage to property. The statute recites that one who "knowingly damages any property of another without his consent" is guilty of the offense. (Ill. Rev. Stat. 1975, ch. 38, par. 21—1(a).) Appellant maintains that he was incapable of forming the requisite mental state delineated by the statute. Robie uses the terms "knowing" and "intent" interchangeably throughout his argument. The focus of our consideration must be with the mental state which the legislature has established as the threshold for criminal responsibility regarding this offense. Section 21—1(a) requires that the party charged "knowingly" accomplish the damage. Knowledge is statutorily defined for these purposes under section 4—5 of the Criminal Code:

"A person knows, or acts knowingly or with knowledge of:

(a) The nature or attendant circumstances of his conduct * * * when he is consciously aware that his conduct is of such nature or that such circumstances exist. * * *

(b) The result of his conduct * * * when he is consciously aware that such result is practically certain to be caused by his conduct." Ill. Rev. Stat. 1975, ch. 38, par. 4—5.

" 'Knowingly' is used to describe the mental state 'in which a person, while not having an actual intent to accomplish a specific wrongful purpose, is consciously aware of the nature of his conduct or of the result which will (or which is practically certain to) be caused, or of the circumstances under which he acts, as described by the statute defining the offense.' [Citation.]" *People v. Lynn* (1980), 89 Ill. App. 3d 712, 714, 412 N.E.2d 15. See, in addition, Ill. Rev. Stat. 1975, ch. 38, par. 4—3.

According to all the evidence presented, the issue of whether the defendant was capable of knowingly accomplishing the offense was within the province of the jury. (*People v. Quinn* (1977), 46 Ill. App. 3d 579, 583, 360 N.E.2d 1221; *cf. People v. Myers* (1968), 94 Ill. App. 2d 340, 345-46, 236 N.E.2d 786 (in which the offenses charged were knowingly resisting or obstructing a peace officer (Ill. Rev. Stat. 1965, ch. 38, par. 31—1) and reckless conduct (Ill. Rev. Stat. 1965, ch. 38, par. 12—5)).) And to the extent that intoxication may present an affirmative defense it must be determined by the jury that the intoxication was so extreme as to

negate the existence of the mental state required. Ill. Rev. Stat. 1975, ch. 38, par. 6—3(a).

■■ It is our opinion that a jury could weigh the testimony concerning intoxication and the evidence of defendant's behavior following the accident and determine that he was indeed operating a motor vehicle under the influence of intoxicating liquor. They could also reasonably surmise that the property damage which resulted was the consequence of his knowing behavior. Intoxication may exist in various degrees. A jury could readily conclude that even if the defendant had been drinking, he was not so incapacitated that he did not know the nature or consequences of his actions. We find no reason to interfere with such a determination based on the testimony in this record. Contrary to appellant's argument we believe that the State did carry its burden of proving beyond a reasonable doubt that, as to a defense of voluntary intoxication, Robie possessed the requisite mental state necessary for conviction under the statute.

■■ Two issues remain which concern the sentencing of the defendant. We disagree with the argument that the two-year sentence imposed on the criminal damage conviction was excessive, considering all of the factors in aggravation and mitigation. Our review here is governed by *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, which established that absent an abuse of discretion, the sentence of the trial court may not be altered upon review. Appellant contends that the punishment authorized is inconsistent with the "insignificant nature of the offense" and with his "complete lack of criminal intent." This is to blindly divorce a statutory offense in the abstract from the real life circumstances of its commission. Criminal damage to property is not an insignificant offense in any context, but, under these facts, its seriousness is beyond question. Although the trial court's determination may not have been based upon all of the following factors we discuss, it is apparent from the record that the defendant endangered the lives of at least two other motorists before the collision. His vehicle finally came to rest in the immediate vicinity of the Hoyleton Children's Home where, at the time of impact, a group of youngsters was playing. The defendant's criminal record included convictions for separate incidents involving disorderly conduct, battery, aggravated battery, and a prior conviction for driving under the influence of intoxicating liquor. Finally, during the instant prosecution Robie twice forfeited bond for failure to appear at proceedings and judgments were entered against him. His response to the proceedings displayed a clear lack of remorse. We hold that the trial court did not abuse its discretion regarding the penalty imposed.

■■ The jury returned a verdict against defendant on both of the charges, but the trial court failed to impose a sentence upon the traffic offense.

Both parties have submitted supplementary briefs on the issue of remandment. According to Robie the verdict on this charge should be treated as a nullity since it is alleged that unfairness may otherwise result. He argues that additional punishment may be meted out upon remand even though the penalty already imposed is sufficient to punish the totality of his conduct. He also contends that since no appeal can be taken from a judgment which is incomplete, a trial court has the capacity to prevent defense appeals by the expedient failure to impose sentence, that is, unless the defendant chooses to make the unlikely demand that he be sentenced on appeal. This logic is untenable because it places our circuit courts at cross purposes with one of their fundamental duties under the criminal justice system. And this argument ignores the fact that the moving party here is the State, as it will invariably be. The determination of this question is controlled by our earlier decision in *People v. Dean* (1978), 61 Ill. App. 3d 612, 618-20, 378 N.E.2d 248. A conviction is not a nullity for the mere lack of a sentence. (*People v. Hairston* (1980), 86 Ill. App. 3d 295, 301, 408 N.E.2d 382; *People v. Wilkins* (1980), 83 Ill. App. 3d 41, 44, 403 N.E.2d 799; see generally *People v. Woods* (1978), 61 Ill. App. 3d 676, 681-83, 378 N.E.2d 598.) While the present record does not make clear the reason for failure to impose sentence, we have no reason to believe that it was the consequence of anything more than an inadvertence. The cause is hereby remanded to the circuit court for sentencing in accordance with its discretion.

■■ The appellant filed a pro se petition for post-conviction relief on July 3, 1980, which advanced the theory of ineffective assistance by defendant's appointed counsel. It was accompanied by a motion seeking appointment of counsel for the post-conviction proceeding. The petition stated that Robie desired the aid of counsel so that a fully detailed amended petition might be filed. The State countered with a motion to dismiss. That motion was granted without a hearing on July 10, 1980, without any appointment of counsel having been made. As the State concedes, we must reverse the court below regarding post-conviction relief upon this ground. Its action contravenes both statutory (Ill. Rev. Stat. 1979, ch. 38, par. 122—4) and case law concerning a petitioner's right to counsel. *People v. Slaughter* (1968), 39 Ill. 2d 278, 285, 235 N.E.2d 566; *People v. DeTienne* (1974), 17 Ill. App. 3d 708, 710, 309 N.E.2d 38; *People v. Mooney* (1972), 8 Ill. App. 3d 538, 290 N.E.2d 14.

Accordingly, the order of the circuit court of Washington County dismissing the post-conviction petition is reversed and the case is remanded with instructions that counsel be appointed to represent Robie.

Affirmed in part, reversed in part, and remanded with directions.

JONES, J., concurs.

Mr. JUSTICE KARNS, dissenting:

Defendant's conviction of operating a motor vehicle while under the influence of intoxicating liquor might seem inconsistent with knowingly causing criminal damage to property (see *People v. Quinn* (1977), 46 Ill. App. 3d 579, 360 N.E.2d 1221); however, it really has little bearing on the propriety of defendant's conviction of criminal damages to property. I do not believe the proof is sufficient to establish beyond a reasonable doubt the mental element of *knowingly* damaging property of another.

Section 4—5 of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 4—5) says a person acts knowingly when he is consciously aware that his conduct is practically certain to cause the result that occurred. Can one say that Robie, even though intoxicated, was consciously aware that he would lose control of his auto, run off the road and damage the Hoyleton Community Club or some other property. Robie may have been negligent, he may have been reckless, but I do not believe one can say that he knowingly damaged any property and thereby committed a felony. "Knowing" describes a mental state other than "intentional," but it is something more than a general criminal intent that might be proved from the mere act of driving an automobile, drunk or sober.

Carrying the reasoning of the majority to its logical extreme, anyone who drives a car and has an accident through some inadvertence or negligence would be guilty of criminal damage to property as we all realize that automobiles may cause damage to others. We are "consciously aware" that an accident might occur every time we operate an automobile.

I don't understand how the definition of "knowing" in section 4—5(a) has any bearing on this case. I am sure that Robie was aware of the nature or attendant circumstances of his conduct in the sense that he knew he was driving and that he had been drinking. Nonetheless, it seems to me that criminal damage to property focuses on the result of one's conduct as defined in section 4—5(b). There is simply no evidence that Robie was consciously aware that as a result of his operating a motor vehicle he would run into the Hoyleton Community Club.