THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY D. HALL, Defendant-Appellant.

Fourth District   No. 4—93—0376

Opinion filed October 14, 1993.

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In January 1993, defendant, Jeffrey D. Hall, pleaded guilty to driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2)) pursuant to a plea agreement in which the State agreed to dismiss another traffic charge, make no argument or recommendation at sentencing, and offer no evidence in aggravation or mitigation. In February 1993, the trial court conducted a sentencing hearing, received the presentence report, heard evidence, and considered defense counsel's argument. The court then sentenced defendant to 12 months of conditional discharge. Defendant appeals, arguing

that the trial court erred in denying him supervision. Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1(c).

We affirm.

## I. BACKGROUND

In the early morning hours of September 17, 1992, defendant was arrested for DUI. Earlier that evening, he had consumed four 20-ounce beers over a period of three to four hours, celebrating his job promotion with friends. At the time of his arrest, his blood-alcohol concentration (BAC) was .17.

The presentence report showed that defendant, who turned 21 years of age in June 1992, had two prior traffic convictions (disregarding a stop sign in December 1988 and driving the wrong way on a one-way street in June 1991), and two adult misdemeanor convictions (unlawful possession of alcoholic liquor by a minor in June 1991, and unlawful consumption of liquor by a minor in August 1991 for which defendant served two days in the county jail). Appended to the presentence report was an alcohol and drug evaluation uniform report prepared by Alcohol Assessments of Champaign, Illinois. That report erroneously stated that defendant had no prior alcohol- or drug-related convictions. That report also characterized defendant as a "social drinker" who reported typical consumption of alcohol as one event per week, such as one or two beers on bowling nights from August through March. The evaluator also interviewed defendant's roommate, who stated that prior to the DUI, defendant may have been drinking two or three times per month while bowling, consuming two or three beers each time. The report stated defendant's drinking history did not suggest he typically drank to .17 BAC, but the night he was arrested for DUI was a "special occasion." The evaluation characterized defendant as Level II—moderate risk. See 92 Ill. Adm. Code §1001.410, at 6351 (1991).

At sentencing, defendant testified he had disclosed on the alcohol evaluation form that he had three tickets since he reached age 18, but the evaluator did not discuss those tickets with him. He explained that the June 1991 incident involved two friends having open alcohol in the backseat of his car. Defendant was driving and turned out of an alley, going the wrong way on a one-way street. When police stopped the car, they found the beer. Regarding the August 1991 incident, defendant was pulled over and ticketed after he consumed two or three beers; he was not, however, charged with DUI at that time. Attributing his current difficulties to immaturity, defendant stated: "I've learned a lot from this incident, this DUI. Being without my license is

not the way I want to spend my time. I have no taste for alcohol anymore. I haven't drank since I got the DUI. I have no need for it. So, it isn't a part of me anymore." Defendant claimed to have abstained from alcohol since the night of this arrest and to no longer drink alcoholic beverages when he accompanies friends to bars.

Consistent with the plea agreement, the State made no sentencing recommendation. Defense counsel asked the trial court to sentence defendant to supervision. Counsel emphasized defendant's youth and argued that he had now learned his lesson, as shown by the fact he had stopped drinking since his DUI arrest. Counsel contended that supervision is part of the educational process of sentencing, and that supervision would be in the best interest of defendant and not detrimental to the public or to the public interest.

The trial court concluded that it could not find that defendant was unlikely to commit another offense or that the public or the best interest of justice would be best served by his not receiving a criminal record. The court summarized its concerns as follows:

> "[Y]ou [had] two alcohol-related convictions when you were under 21. You were only 21 a few months when you again had alcohol, you were drinking and then operating a vehicle. And this all has to go into [perspective] of the fact that you had a prior misdemeanor conviction for unlawful consumption and you went to jail for a few days; and after that, you took the chance of drinking and then operating a motor vehicle."

In March 1993, defendant filed a motion to reconsider sentence, and at the hearing thereon, defense counsel argued the following: "While it is true that the Court could focus on the earlier incidents in his life, I think if we consider the entire record, the Court's findings about this alcohol-related lifestyle and the Court's comment with respect to that are belied by the entire record." The trial court rejected this argument, explaining as follows:

> "[S]omeone who goes to jail for an alcohol-related offense, you would think that that would get that person's attention. But just over a year after that, Mr. Hall is [DUI]. He's now over 21 by 3 months, and the [BAC] is a .17.
>
>    \* \* \*
>
> When someone has three alcohol-related criminal convictions in just over a year, someone needs to sit up and take notice. Mr. Hall should have learned prior to the [DUI], especially by spending a few days in jail[,] that this just was not an appropriate way to act.

We can always say, well, judge, this was a special occasion. *** Mr. Hall apparently likes to find those excused because all I heard was excusing and I'm still hearing the excuses today. Mr. Hall has to learn to take responsibility for himself. He has to understand that there are consequences for his acts. Apparently spending a few days in jail in 1991 was not enough for Mr. Hall to become aware that there are consequences for his acts.

I believe that the findings that the public would not be best served if Mr. Hall would receive leniency [are] appropriate ***. I don't believe that Mr. Hall is a candidate for leniency when he comes to court with this type of record. I believe the prior sentence was appropriate and the Motion to Reconsider is denied."

## II. ANALYSIS

This court will not set aside a sentence within the statutory range unless clearly improper. (*People v. Ward* (1986), 113 Ill. 2d 516, 526-27, 499 N.E.2d 422, 425-26; see also *People v. Streit* (1991), 142 Ill. 2d 13, 19, 566 N.E.2d 1351, 1353.) Further, we recently held (and now reaffirm) that supervision is not a right of any defendant, but instead a sentencing alternative to be employed in the discretion of the trial court. *People v. Price* (1993), 247 Ill. App. 3d 787, 790, 617 N.E.2d 909, 911.

Defendant argues that the trial court erred in denying his request for supervision because the court improperly focused on his driving record and the close proximity in time between his traffic offenses. Thus, defendant claims, the court incorrectly ruled that defendant was not unlikely to commit further offenses. He complains that the sentence the court imposed, conditional discharge, results in continued suspension of his driving privileges, increased insurance costs, and other collateral consequences.

Defendant further complains that the record contains no evidence which supports the court's conclusion that he had an " 'alcohol-related lifestyle' and consequently, an alcohol problem which should preclude him from receiving court supervision." He contends that the court's statements in this regard are belied by both the alcohol evaluation—conducted by a licensed agency—which found him to be a "social drinker," and his own testimony that he had abstained from using alcohol since his arrest.

Defendant also argues that "[t]he Court's disdain for the consumption of alcohol and for a lifestyle which involves the consumption

of alcohol evidences a personal bias and [a] predilection which has been routinely and consistently rejected as being improperly interjected into sentencing proceedings by the reviewing courts of this State." In support of this claim, he cites *People v. McAndrew* (1968), 96 Ill. App. 2d 441, 451, 239 N.E.2d 314, 319, and *People v. Rednour* (1974), 24 Ill. App. 3d 1072, 1077, 322 N.E.2d 492, 496.

Last, defendant contends that the trial court improperly attempted to assess the public's reaction to a particular type of sentence in this case. Citing *People v. Sumner* (1976), 40 Ill. App. 3d 832, 838-39, 354 N.E.2d 18, 24, and *People v. Short* (1978), 66 Ill. App. 3d 172, 180-81, 383 N.E.2d 723, 730, defendant claims that the trial court refused to exercise its discretion to impose supervision based on its perception of public expectations.

After reviewing the trial court's remarks and the record before us, we conclude that all of these arguments are utterly without merit. When this court considers a defendant's argument that the trial court improperly sentenced him, we must consider the entire record as a whole and "should not focus on a few words or statements of the trial court." (*Ward*, 113 Ill. 2d at 526, 499 N.E.2d at 426.) Defendant asks this court to do precisely that which *Ward* prohibits. The trial court's remarks in this case focused on the statutory factors it was obligated to consider in evaluating defendant's request for court supervision, and we find that the court responded appropriately to the evidence and argument defendant presented.

The cases defendant cites are easily distinguishable. The record contains no support for defendant's claim that the trial court had a "disfavored offender" category or brought improper predilections with it in determining the appropriate sentence to impose, as was the case in *McAndrew*. The court's remarks also show no disdain for the mere *consumption* of alcohol; instead, those remarks show the court's disdain for alcohol-related *criminal conduct* of whatever sort—a disdain we view not only as appropriate, but also one we share.

Further, as opposed to the situation in *Rednour*, we find that public clamor and outcry had no role in the sentence imposed here. Additionally, this is not a case of the sentencing judge talking to members of the public about what sentence to impose, as in *Sumner*, or of "leading citizens" testifying about their opinions on sentencing, as in *Short*.

Defendant was entitled to have the trial court consider his request for supervision, and it did. The court exercised its discretion in light of its assessment of defendant and the appropriate statutory criteria. The fact that defendant "did not make the cut" does not make the

sentence imposed an abuse of discretion. Defendant's ability to conform his conduct to the requirements of the law for the five-month period between arrest and sentencing is a factor deserving of whatever weight the trial court decided to give it, and nothing more.

The unspoken premise underlying defendant's argument is that if a defendant who pleaded guilty or stipulated to facts supporting the charge or a finding of guilt meets the statutory guidelines for *eligibility* for court supervision, then the legislature intended that the defendant would be *entitled* to supervision. Our analysis of section 5—6—1 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1) compels us to disagree.

Section 5—6—1 of the Code governs when the trial court may impose sentences of probation and conditional discharge, on the one hand, and court supervision, on the other. Regarding probation and conditional discharge, section 5—6—1(a) of the Code states the following:

> "(a) Except where specifically prohibited ***, the court *shall* impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:
>
> (1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or
>
> (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1(a).)

Regarding court supervision, section 5—6—1(c) of the Code states the following:

> "(c) The court *may*, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant if the defendant is not charged with a felony and having regard for the circumstances of the offense, and the history, character and condition of the offender, the court is of the opinion that:
>
> (1) the offender is not likely to commit further crimes;
>
> (2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and
>
> (3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under

this Code." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1(c).

Section 5—6—1(a) of the Code addresses the situation in which the trial court is choosing between a sentence of imprisonment or probation and states that the court *shall* impose a sentence of probation, not prison, *unless* the court is of the opinion that the circumstances described in either subsection (1) or (2) of section 5—6—1(a) are present. Section 5—6—1(c) addresses the situation in which the trial court is choosing between a sentence of probation or conditional discharge, as opposed to supervision. However, unlike section 5—6—1(a), section 5—6—1(c) does not direct that the trial court shall impose a sentence of supervision if the court finds that the defendant meets all the eligibility guidelines contained in subsections (1), (2), and (3) of that section. Instead, even under those circumstances, the determination of defendant's sentence—specifically, the choice between conditional discharge or supervision—still lies within the discretion of the court. In other words, section 5—6—1(a) directs that a defendant meeting all of its guidelines *shall be sentenced* to probation, while section 5—6—1(c) provides that a defendant meeting all of its guidelines *may* be sentenced to supervision, but *need not be* so sentenced.

Noting that the court could have sentenced defendant to a maximum of 364 days in jail (see Ill. Rev. Stat. 1991, ch. 95½, pars. 11—501(a), (c); ch. 38, par. 1005—8—3(a)(1)), we hold that the court did not abuse its discretion when it denied defendant's request for supervision and sentenced him instead to conditional discharge.

### III. CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

COOK and GREEN, JJ., concur.