UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark A. BOOKER, also known as
Bizmark, Defendant–Appellant.

No. 94–3847.

United States Court of Appeals,
Seventh Circuit.

Argued April 12, 1995.

Decided Dec. 6, 1995.

James Porter (argued), Office of U.S. Atty., Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Andrea L. Smith (argued), Office of Federal Public Defender, East St. Louis, IL, for Defendant–Appellant.

Before CUMMINGS and RIPPLE, Circuit Judges, and WILL, District Judge.*

RIPPLE, Circuit Judge.

Mark Booker pleaded guilty to the charge of knowingly, intentionally and unlawfully possessing approximately ten grams of crack cocaine, in violation of 21 U.S.C. § 844. On November 29, 1994, Mr. Booker was sentenced to sixty months of imprisonment. The issue before the sentencing court and on appeal is the appropriateness of assigning one criminal history point for a prior state conviction of criminal damage to property. For the reasons discussed in the following opinion, we reverse the judgment of the district court and remand for resentencing.

# I

## BACKGROUND

Among the five prior convictions listed by the probation office in its presentence investigation report ("PSR") was a July 7, 1992 misdemeanor conviction in St. Clair County, Illinois Circuit Court for the offense of knowing damage to property. The PSR included this explanatory comment:

> Court records reflect that the defendant did knowingly break the glass window out of the front door of 1425 Gross, East St. Louis, without the consent of Patricia Hawkins.

PSR at 6. For that conviction Mr. Booker was sentenced to one month of court supervision. The PSR assessed one criminal history point for that misdemeanor offense and one point for a later battery conviction, and calculated Mr. Booker's Criminal History Category at II.[1]

Mr. Booker objected to the inclusion of this property damage conviction; however, the district court rejected Mr. Booker's argument. The court explained its reason for counting this misdemeanor sentence by noting the relationship between the window-breaking incident at his girlfriend's home and the subsequent misdemeanor conviction for intentionally causing bodily harm to the same woman five months later. The court then imposed a sentence of sixty months of incarceration, three years of supervised release, and a fine and special assessment.[2] Mr.

---

* The Honorable Hubert L. Will of the District Court for the Northern District of Illinois is sitting by designation.

1. The original report did not include the misdemeanor conviction in its assessment of criminal history points for sentencing purposes. After the government objected to the report, however, the probation office filed an addendum to its report which included that conviction in the calculation of the defendant's prior criminal history.

2. The statute under which Mr. Booker was convicted, 21 U.S.C. § 844, requires a five-year mandatory minimum sentence for possession of more than five grams of crack cocaine. On appeal, the government points out that the sentencing court erroneously determined that the guideline range for Mr. Booker's offense was 57 to 63 months and states that the range should have been 51 to 63 months. (We note, however, that, at the time that the court miscalculated the applicable range, it was following the Sentencing Recommendation prepared by the government.) The government also notes that the court apparently sentenced Mr. Booker to sixty months because the statutory minimum sentence was required. For this reason, the government concludes, the

Booker appeals the sentencing court's assessment of an additional criminal history point for the prior misdemeanor conviction.

## II

## DISCUSSION

### A.

Section 4A1.1 of the United States Sentencing Guidelines sets forth the general method for assessing criminal history points to reflect a defendant's record of past criminal conduct. Its Introductory Commentary states that a "defendant's record of past criminal conduct is directly relevant" to the purposes of sentencing and that "the likelihood of recidivism and future criminal behavior must be considered." This appeal involves the subsequent section, § 4A1.2, that deals with how previous criminal convictions are to be counted in determining a guidelines sentence. Because the subsection is central to our decision, we set it out in its entirety:

> § 4A1.2(c). Sentences Counted and Excluded
>
> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
>
> Careless or reckless driving
>
> Contempt of court
>
> Disorderly conduct or disturbing the peace
>
> Driving without a license or with a revoked or suspended license
>
> False information to a police officer
>
> Fish and game violations
>
> Gambling
>
> Hindering or failure to obey a police officer
>
> Insufficient funds check
>
> Leaving the scene of an accident
>
> Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)
>
> Non-support
>
> Prostitution
>
> Resisting arrest
>
> Trespassing.
>
> (2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
>
> Hitchhiking
>
> Juvenile status offenses and truancy
>
> Loitering
>
> Minor traffic infractions (*e.g.*, speeding)
>
> Public intoxication
>
> Vagrancy.

U.S.S.G. § 4A1.2(c) (1994).

We now examine the earlier conviction that Mr. Booker submits ought not have been counted in the calculation of his sentence. For his prior offense, Mr. Booker was sentenced under the Illinois statute entitled "Criminal Damage to Property." This provision states in pertinent part:

> § 21–1. Criminal damage to property. (1) A person commits an illegal act when he:
>
> (a) knowingly damages any property of another without his consent[.]

district court's error in the guideline was irrelevant.

Mr. Booker disagrees. He submits that, without the second criminal history point, he would have been eligible for a reduction from his sixty-month mandatory minimum term pursuant to § 5C1.2 of the guidelines. Mr. Booker explains that the applicability of § 5C1.2 was not raised at the sentencing hearing because, once the court

determined that Mr. Booker had two criminal history points, he clearly was not eligible for a reduction from his mandatory minimum sentence. Because we agree that Mr. Booker should have been sentenced at a Criminal History Category I, rather than II, Mr. Booker is correct in asserting that the district court must address this issue on remand.

Ill.Rev.Stat.1991, ch. 38, par. 21–1 (1991) (now 720 ILCS 5/21–1(1)(a) (West 1992)).

■ An examination of the text of U.S.S.G. § 4A1.2(c)(1) makes clear that the guideline does not list a sentence for "criminal damage to property" among those crimes that are not counted in the calculation of a criminal history; therefore, it must be counted in computing the criminal history, unless it is found to be "similar to" one of the excepted offenses listed in subsection (c). In determining that the previous conviction was not "similar to" any of the listed offenses, the district court expressed the view that the underlying facts of the previous conviction— breaking the window on the door of his girlfriend's house—ought to be assessed in the cross-light of another prior offense that occurred several months later—battery upon the same woman. In the district court's view, especially when the prior offense is assessed in light of this subsequent incident, there was an "element of violence" to his conduct that was not reflected in the excepted offenses on the list.

Mr. Booker concedes that the misdemeanor offense is not one of those specific exceptions listed. He submits, however, that the offense can be excluded under the provisions of U.S.S.G. § 4A1.2(c)(1). He first points out that his sentence for the state misdemeanor, one month of court supervision, was neither one year of probation nor thirty days of imprisonment. He then submits that the offense can be characterized as "similar to" the listed offenses and therefore excludable from the computation. In his view, his prior conviction for criminal damage to property is similar to the excludable offense of "disorderly conduct."[3] According to Mr. Booker, both offenses involve the commission of an act that is unreasonable, alarming and disturbing. He also points out that their penalties are similar and contends that the penalty for

"criminal damage to property" is the less serious of the two crimes.[4]

Mr. Booker submits, as well, that the sentencing court erred when it emphasized that the use of violence in committing "criminal damage to property" distinguished that conviction from the offenses listed in § 4A1.2(c)(1). By basing its decision on an "element of violence," he contends, the sentencing court introduced a criterion absent from the guideline itself. He points out that "use of force" is an element of the listed offense of "resisting arrest" and may also be an element of fish and game violations, also a listed offense.

### B.

■ Our review of a district court's interpretation of the scope of the guidelines is de novo, and our review of its factual findings is for clear error. *United States v. Linnear*, 40 F.3d 215, 218 (7th Cir.1994). The specific question whether the district court correctly determined that a prior conviction is to be counted as a prior sentence under Chapter 4 of the Sentencing Guidelines is subject to plenary review. *United States v. LeBlanc*, 45 F.3d 192, 193 (7th Cir.1995). The government has sustained its threshold burden of proving the fact of his state conviction for criminal damage to property. Mr. Booker therefore has the burden of demonstrating that the conviction is subject to the exception. *United States v. Unger*, 915 F.2d 759, 761 (7th Cir.1990), *cert. denied*, 498 U.S. 1104, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991).

■ At the outset, we note our agreement with our colleagues in other circuits that, even though the predicate offense and sentence are defined under state law, the classification of each offense as excluded or includ-

---

3. The pertinent portion of the Illinois Disorderly Conduct statute states:

   § 26–1. **Elements of the offense.** (a) A person commits disorderly conduct when he knowingly:

   (1) does any act in such an unreasonable manner as to alarm or disturb another and to provoke a breach of the peace[.]

   Ill.Rev.Stat.1991, ch. 38, par. 26–1(a)(1) (now 720 ILCS 5/26–1(a)(1) (West 1992)).

4. We note that a violation of the criminal damage to property statute can result in a Class A misdemeanor or a Class 4, 3 or 2 felony. *See* 720 ILCS 5/21–2. A violation of the disorderly conduct statute ranges from a Class C misdemeanor to a Class 4 felony. *See* 720 ILCS 5/26–1(b).

ed under guideline § 4A1.2(c) is a matter of federal law.[5] The guideline presents broadly titled categories of minor offenses and allows for the exclusion of a specific prior offense if it is similar to one of those listed and if the punishment is minimal (a term of probation of less than one year or a term of imprisonment of less than thirty days). Our consideration of the possible similarities of any statutes must be made in light of the Sentencing Reform Act's goal of "avoiding unwarranted sentencing disparities among defendants with similar records." 28 U.S.C. § 991(b)(1)(B).

### 1.

■ Mr. Booker's claim is that "criminal damage to property" is similar to "disorderly conduct," an excluded misdemeanor offense. In assessing this contention, we begin with our decision in *United States v. Caputo*, 978 F.2d 972, 977 (7th Cir.1992). In that case, Judge Posner, writing for the court, set forth succinctly the goal of our inquiry—to determine whether the prior offense before us is "categorically more serious" than the listed offenses. In an effort to ensure that the determination enunciated in *Caputo* reflects, as it must, the goal of the guidelines, *see supra*, two circuits have fashioned multi-factored analytical approaches.[6] Although our court has not adopted formally any such pattern, the approach of the Court of Appeals for the Fifth Circuit, which that court describes as "a common sense approach which relies on all possible factors of similarity," is indeed a helpful device for accomplishing the task described in *Caputo*. Under

that approach, a court attempting to determine the federal question of whether a previous conviction is "similar to" one of the listed offenses ought to consider the following: (1) a comparison of punishments imposed for the listed and unlisted offenses, (2) the perceived seriousness of the offense as indicated by the level of punishment, (3) the elements of the offense, (4) the level of culpability involved, and (5) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct. *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir.1991).

When we turn to the *Hardeman* factors in the context of this case, we find that the situation is further complicated by the fact that both the previous offense at issue here, damage to property, and the listed offense, disorderly conduct, are crimes of generic definition that proscribe a great variety of activity and, depending on type of behavior involved, can be classified as a minor misdemeanor or a felony. In this situation, we take counsel from our colleagues in the Ninth Circuit, *see Kemp*, 938 F.2d at 1023, and focus not so much on the elements of each offense or on the possible range of punishments *in abstracto*, but rather on the actual offense conduct and the actual penalty deemed appropriate by the sentencing court.

Certainly, the seriousness of the penalty imposed by the state court—one month's supervision—militates strongly in favor of treating the crime for purposes of this guideline provision as akin to a relatively minor

---

5. *See United States v. Kemp*, 938 F.2d 1020, 1023–24 (9th Cir.1991) ("Recognizing that the Sentencing Guidelines are used nationally to determine federal sentences for federal crimes, the district court must examine federal law to determine whether the substance of the underlying state conviction is similar to an included or excluded offense."); *Unger*, 915 F.2d at 763 ("The classification of an offense as within or without the ambit of section 4A1.2(c) as a whole, or either of its subsections, is a question of federal law, not state law, notwithstanding that the predicate offense and punishment are defined by state law.") (citing *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12, 103 S.Ct. 986, 991, 74 L.Ed.2d 845 (1983) (" 'conviction' for purposes of 18 U.S.C. §§ 922(g) & (h) is a matter of federal law")); *accord United States v. Rayner*, 2 F.3d 286, 287 (8th Cir.1993) (relying on *Unger*,

rejecting defendant's contention "that the court should look to state law to determine whether a prior sentence counts for criminal history purposes").

6. The two appellate courts that have set forth generic tests for measuring similarity are the Fifth and the Ninth Circuits. The Ninth Circuit test for determining whether an offense is similar to those § 4A1.2(c) offenses excluded from a defendant's criminal history was presented in *United States v. Martinez*, 905 F.2d 251 (9th Cir.1990). The Fifth Circuit's approach, discussed in more detail in the text, was set forth by that court in *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir.1991); *see also United States v. West*, 58 F.3d 133, 139 (5th Cir.1995) (engaging in *Hardeman* factor analysis).

breach of the peace.[7] The underlying behavior is a more subtle issue. Any destruction of property is a serious matter. It is clear, however, that the act involved here was a single incident of breaking the glass in the door of his paramour's home. There is no claim that it was part of a breaking and entering or other serious crime.[8] The government does not challenge Mr. Booker's characterization that it occurred during a domestic argument. In assessing whether the act was indicative of recurring conduct, we cannot say that, when the act is viewed in isolation, it can be characterized in such a way. In that respect, we think it revealing that the sentencing court imposed no period of incarceration or probation but, in its discretion, limited the entire sentence to a month's supervision.[9]

■ The district court, assessing the situation with the benefit of hindsight obviously not available to the sentencing judge, concluded that Mr. Booker's later assault of the same woman indicated that the glass-break-

ing incident ought to be viewed more seriously. We do not believe such a methodology is compatible with the approach mandated by § 4A1.2(c)(1). Rather, the court should have compared the factual basis for the offense of criminal damage to property with the offense of disorderly conduct. See Unger, 915 F.2d at 762–63.

■ The circumstances surrounding the glass-breaking incident were litigated fully in the district court. On the basis of the record before us, we conclude that Mr. Booker's conviction for criminal damage to property was a minor petty offense similar to disorderly conduct and of the sort meant to be excluded under § 4A1.2(c)(1). It is not "categorically more serious" than many forms of conduct that would be considered relatively minor acts of disorderly conduct.[10] We emphasize that our decision today does not preclude a contrary result when the circumstances surrounding the commission of the damage to property offense are different.[11]

7. We note that the sentence of one month's court supervision is a considerably lesser penalty than § 4A1.2(c)'s "triggering period" of at least one year of probation or thirty days of imprisonment.

8. Cf. United States v. Dillon, 905 F.2d 1034, 1039 (7th Cir.1990) (recognizing that resisting arrest is excludable, but that a conviction for battery and resisting arrest required a criminal history point because none of the exempted offenses was similar to the "battery aspect" of the conviction); United States v. Russell, 913 F.2d 1288, 1294 (8th Cir.1990) (finding no error in district court's consideration of state conviction for assault and criminal damage to property when computing criminal history), cert. denied, 500 U.S. 906, 111 S.Ct. 1687, 114 L.Ed.2d 81 (1991).

9. A disposition of court supervision is a sentencing alternative employed in the discretion of the trial court. People v. Hall, 251 Ill.App.3d 935, 191 Ill.Dec. 161, 163, 623 N.E.2d 751, 753 (1993). When a plea of guilty is entered, the court may order supervision after it considers the circumstances of the offense and the "history, character and condition of the offender," and after it determines that: "(1) the offender is not likely to commit further crimes; (2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and (3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code." 730 ILCS 5/5–6–1(c). It is notable that these factors mirror those found in Hardeman.

10. Consistent with the goal of "avoiding unwarranted sentencing disparities among defendants with similar records," 28 U.S.C. § 991(b)(1)(B), we do not "plumb the nuances," Unger, 915 F.2d at 962, of the Illinois definition of "disorderly conduct." The parameters of a listed offense are "a question of federal law, not state law." Id. at 963 & n. 5 (noting agreement with the approach articulated by Judge Wallace, concurring in Martinez, that "the question is one of federal law, pure and simple").

11. Two federal appellate decisions have considered whether a criminal history point should be given for the crime of criminal damage to property. Each affirmed the district court's assessment of a point for the offense. See United States v. Wyatt, 19 F.3d 1283, 1285 (8th Cir.1994) (concluding that state misdemeanor conviction for criminal damage to property properly earned a criminal history point because the defendant had received a one-year probationary sentence and because the offense was "unlike those offenses that never earn criminal history points"); United States v. Russell, 913 F.2d 1288, 1294 (8th Cir. 1990) (rejecting defendant's argument that state convictions for assault and criminal damage to property are akin to disorderly conduct or to disturbing the peace; finding no error in counting those convictions to compute criminal history), cert. denied, 500 U.S. 906, 111 S.Ct. 1687, 114 L.Ed.2d 81 (1991); cf. People v. Robie, 92 Ill.App.3d 1059, 48 Ill.Dec. 481, 484, 416 N.E.2d 754, 757 (1981) (noting that, under the circumstances of the case, criminal damage to property is a serious offense).

Inclusion of this conviction, however, "would more likely distort than improve the process established by the guidelines for determining an appropriate sentence." *United States v. Martinez,* 905 F.2d 251, 253 (9th Cir.1990).

Our conclusion that Mr. Booker's criminal damage to property conviction should have been excluded under § 4A1.2 necessitates a remand to the district court for resentencing. Because Mr. Booker now has only one criminal history point, the district court must determine whether Mr. Booker qualifies for the "safety valve" provision added by the September 1994 Crime Bill and incorporated verbatim into the Sentencing Guidelines. Under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the sentencing court can grant a downward departure below a statutorily imposed mandatory minimum sentence when certain factors are met.[12] *See United States v. Rodriguez,* 69 F.3d 136, 140–41 (7th Cir. 1995) (discussing § 5C1.2 criteria). On remand, the sentencing court should consider those factors when deciding whether a departure downward is warranted.

### Conclusion

Accordingly, the sentence imposed by the district court is reversed, and the case is remanded to permit the district court to resentence the defendant without considering the previous conviction for criminal damage to property.

REVERSED AND REMANDED

---

**12.** Mr. Booker pleaded guilty to possession of ten grams of crack cocaine in violation of 21 U.S.C. § 844. When the court assessed a criminal history point for Mr. Booker's misdemeanor conviction in addition to the point for the later battery conviction, Mr. Booker's criminal history category was raised to II. That calculation was assessed with his total offense level of 23, and the guideline range was set at 57 to 63 months. The court imposed a sentence of sixty months of incarceration, based presumably on the five-year mandatory minimum sentence required under § 844 for possession of more than five grams of crack cocaine. However, Mr. Booker contends that, without the second criminal history point, he would have been eligible, under § 5C1.2, for a reduction from the mandatory minimum term. At a criminal history category of I and an offense level of 23, his sentencing range would have been reduced to 46 to 57 months.