

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2009

# USA v. Michael Dean

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3721

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Michael Dean" (2009). *2009 Decisions.* Paper 1316.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1316

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 08-3721

————

UNITED STATES OF AMERICA

v.

MICHAEL DEAN,
                              Appellant

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00412)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 19, 2009

Before: RENDELL and GARTH, *Circuit Judges*,
and PADOVA, *Senior District Judge**

(Filed: May 26, 2009)

_____

———

*Honorable John R. Padova, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

_____

PADOVA, *Senior District Judge*.

Appellant Michael Dean appeals his August 22, 2008 judgment of sentence, arguing that the District Court erred in considering a state conviction for marijuana possession in calculating his criminal history under the United States Sentencing Guidelines. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the following reasons, we will affirm.

I.

As we write exclusively for the parties, who are familiar with the factual context and legal history of this case, we will set forth only those facts necessary to our analysis. On February 7, 2008, Appellant pled guilty to a single count of "Paper Used as Money" in violation of 18 U.S.C. § 491. Under the Sentencing Guidelines, Appellant's total offense level was 10. The probation officer calculated that Appellant had four criminal history points, resulting in a criminal history category of III. As the statutory maximum term of imprisonment for violation of § 491 is one year, Appellant's advisory Guidelines range was 10-12 months.

At sentencing, Appellant objected to his criminal history category, arguing that he should not have received one criminal history point for a conviction in New Jersey for possession of 50 grams or less of marijuana, for which he was sentenced to a $930 fine. The District Court overruled Appellant's objection and sentenced him to a term of

2

imprisonment of 10 months.

## II.

Appellant's sole argument on appeal is that the District Court erred in calculating his criminal history category pursuant to U.S.S.G. §§ 4A1.1 and 4A1.2, because the Court attributed one criminal history point to his New Jersey conviction for possession of a controlled substance (50 grams or less of marijuana), when that conviction should not have given rise to any points. "We review the District Court's interpretation of the Sentencing Guidelines de novo." United States v. Langford, 516 F.3d 205, 209 (3d Cir. 2008).

Pursuant to U.S.S.G. § 4A1.1(c), one criminal history point (up to a maximum of four points) is assessed for each prior sentence that did not result in at least 60 days' imprisonment, except to the extent provided in U.S.S.G. § 4A1.2(c). U.S.S.G. § 4A1.2(c) states that prior sentences for certain enumerated misdemeanor or petty offenses are counted only if (1) the "sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days," or (2) the prior misdemeanor or petty offense "was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1). "Disorderly conduct or disturbing the peace" are among the enumerated misdemeanor and petty offenses in U.S.S.G. § 4A1.2(c). Meanwhile, the Guidelines define "prior sentence" to mean "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G.

3

§ 4A1.2(a)(1).

Here, Appellant was convicted in New Jersey of possessing 50 grams or less of marijuana in violation of N.J. Stat. Ann. § 2C:35-10 (a)(4), and he was sentenced to pay a $930 fine. The New Jersey legislature defines possession of 50 grams or less of marijuana to be a "disorderly person" offense. N.J. Stat. Ann. § 2C:35-10(a)(4). Under New Jersey law, "[d]isorderly persons offenses . . . are petty offenses and are not crimes within the meaning of the [New Jersey] Constitution." Id. § 2C:1-4(b). Individuals convicted of such offenses may be sentenced to a term of imprisonment not to exceed 6 months. Id. § 2C:43-8. The New Jersey legislature has further declared that convictions of disorderly persons offenses "shall not give rise to any disability or legal disadvantage based on conviction of a crime." Id. § 2C:1-4(b).

In this appeal, Appellant argues that the District Court erred in assigning him a criminal history point for his marijuana possession conviction because the New Jersey legislature has (1) declared that the offense is not a "crime" in New Jersey, (2) stated that conviction of the offense shall give rise to "no legal disadvantage based on conviction of a crime," and (3) declared the marijuana possession offense to be a disorderly person offense, the sentences for which are not counted for criminal history purposes according to U.S.S.G. § 4A1.2(c).

However, "[i]n determining what constitutes a 'prior sentence' under the Sentencing Guidelines, courts must look to federal, not state law." United States v.

4

McKoy, 452 F.3d 234, 237 (3d Cir. 2006).  Likewise, the offenses listed in U.S.S.G. § 4A1.2(c)(1), including "disorderly conduct," are defined pursuant to federal law, not state law.  See United States v. Elmore, 108 F.3d 23, 25 (3d Cir. 1997) ("We determine the meaning of 'disorderly conduct' pursuant to federal, not state, law."); see also United States v. Roy, 126 F.3d 953, 954 (7th Cir. 1997) ("'[E]ven though the predicate offense and sentence are defined under state law, the classification of each offense as excluded or included under guideline § 4A1.2(c) is a matter of federal law.'" (quoting United States v. Booker, 71 F.3d 685, 688-89 (7th Cir. 1995))).

A "prior sentence" under federal law is "any sentence previously imposed upon adjudication of guilt," U.S.S.G. § 4A1.2, and the Guidelines provide that when the prior sentence is for less than 60 days imprisonment, as Appellant's was, it gives rise to one criminal history point.  U.S.S.G § 4A1.1(c).  Appellant does not argue that he did not receive a "prior sentence" under this definition.  Rather, he argues that the "prior sentence" was for a petty offense, not a crime, and thus should not be counted.  However, the Guidelines do not exclude prior sentences for petty offenses from consideration in calculating a defendant's criminal history.  To the contrary, they specifically provide that "petty offenses," like other offenses, give rise to criminal history points.  See U.S.S.G § 4A1.2 (c) ("Sentences for misdemeanor and petty offenses are counted . . . ."); see also United States v Russell, ____ F.3d ____, ____, No. 07-4731, 2009 WL 1081284, at *5 (3d Cir. Apr. 23, 2009) (commenting that it would be "absurd" if convictions for

possession of a small amount of marijuana were not counted in a defendant's criminal history calculation). Thus, Appellant's argument that his sentence should not be counted in his criminal history because New Jersey only considers his marijuana possession to be a "petty offense," not a "crime," is unavailing.[1]

Similarly, because the offenses excluded from counting pursuant to U.S.S.G. § 4A1.2(c)(1) are defined by federal law, not state law, there is no merit to Appellant's argument that the District Court should not have assigned a criminal history point for his marijuana conviction simply because New Jersey has characterized his marijuana possession offense as a "disorderly person" offense. Indeed, because "the larger goal of the Sentencing Guidelines is to accomplish uniformity," the offenses that qualify as "disorderly conduct" offenses must be consistent across state lines, and one state cannot unilaterally declare an offense to be a "disorderly conduct" and bind the federal judiciary with that declaration.[2] Thus, we reject Appellant's argument that New Jersey's

---

[1]The New Jersey legislature's declaration that disorderly persons offenses "are not crimes within the meaning of the [New Jersey] Constitution" is irrelevant to our analysis. N.J. Stat. Ann. § 2C:1-4(b). As stated above, it is federal law, not state law that determines what constitutes a countable "prior sentence" under the Guidelines. McKoy, 452 F.3d at 237. Moreover, we do not read the legislature's statement that a disorderly person offense is not a crime "within the meaning of the [New Jersey] Constitution" to suggest that such an offense can never be considered a crime in any context. N.J. Stat. Ann. § 2C:1-4(b) (emphasis added). Rather, the declaration, by its own terms, only states that such offenses do not fit within the State Constitution's definition of a crime.

[2]See United States v. Martinez, 905 F.2d 251, 253 (9th Cir. 1990) (refusing to apply Oregon law in determining whether a state offense was analogous to any of the offenses excluded by U.S.S.G. § 4A1.2(c)(2), stating that such an approach would be "inconsistent
(continued...)

6

characterization of his marijuana possession offense as a "disorderly person" offense required the District Court to exclude it from consideration in calculating Appellant's criminal history.

III.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we will AFFIRM the judgment of sentence of the District Court..

---

[2](...continued)
with the primary purpose of the Sentencing Reform Act of 1984 to 'provide certainty and fairness in meeting the purposes of sentencing [and to avoid] unwarranted sentencing disparities among defendants with similar records'" (quoting 28 U.S.C. § 991(b)(1)(B)); see also McKoy, 452 F.3d at 237-38 (noting that juvenile records in New Jersey consist of "dispositions" rather than "sentences," and stating that it would "undermine the larger goal of . . . uniformity in sentencing . . . if New Jersey juvenile court 'dispositions' are not treated as 'sentences' under the Sentencing Guidelines," because "defendants would be immune from receiving criminal history points for juvenile offenses committed in New Jersey, yet would receive points for juvenile offenses committed in other states").

7